1  DESMARAIS LLP
2  John M. Desmarais (Bar No. 320875)
   Peter C. Magic (Bar No. 278917)
3  101 California Street, Suite 3070
   San Francisco, CA 94111
4  Telephone: (415) 573-1900
   jdesmarais@desmaraisllp.com
5  pmagic@desmaraisllp.com

6  DESMARAIS LLP
   Ameet A. Modi (*pro hac vice* pending)
7  230 Park Avenue
   New York, NY 10169
8  Telephone: (212) 351-3400
   amodi@desmaraisllp.com

9  *Attorneys for Plaintiff Apple Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 3:20-cv-02460-JSC |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY** |
| v. | |
| VOIP-PAL.COM, INC., a Nevada corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Apple Inc. ("Apple") seeks a declaratory judgment that it does not infringe any claim of U.S. Patent No. 10,218,606 (the "'606 patent"), that the '606 patent is invalid, that Apple does not infringe any claim of U.S. Patent No. 9,935,872 (the "'872 patent"), and that the '872 patent is invalid.

**INTRODUCTION**

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. Apple seeks declaratory judgments that it does not infringe any claim of the '606 and '872 patents and that the '606 and '872 patents are invalid. The action arises from a real and immediate controversy between defendant Apple and defendant VoIP-Pal.com, Inc. ("VoIP-Pal") as to whether Apple infringes any valid claims of the '606 or '872 patents, each entitled "Producing Routing Messages For Voice Over IP Communications" and attached as Exhibits 1 and 2.

2. This is not the first lawsuit between defendant VoIP-Pal.com, Inc. ("VoIP-Pal") and Apple in this District. As detailed below, VoIP-Pal previously filed six lawsuits—two against Apple—collectively alleging infringement of six patents related to the '606 and '872 patents. VoIP-Pal voluntarily consented to transfer of those cases to this District. (Exhibits 3-4.) This Court subsequently found that all six patents were invalid under 35 U.S.C. § 101 for claiming ineligible subject matter. (Exhibits 5-6.) One of this Court's two decisions (concerning two patents) has already been affirmed by the Federal Circuit (Exhibit 7), and VoIP-Pal's appeal of the second decision (concerning the other four patents) is pending.

3. The '606 and '872 patents are part of the same family as, and share a common specification with, the six already-invalidated patents. The claims of the '606 and '872 patents are also very similar to the claims of the patents already invalidated by this Court. Despite this Court's familiarity with VoIP-Pal's patents, in an apparent effort to avoid a similar judgment, VoIP-Pal filed a lawsuit on April 7, 2020 in the Western District of Texas asserting infringement of the '606 patent against Apple. (Exhibit 8.) VoIP-Pal also filed a cluster of lawsuits against Google, Facebook, and Amazon in the Western District of Texas, alleging infringement of the

'606 patent in those cases as well.  Its recent lawsuit concerning the '606 patent demonstrates that VoIP-Pal intends to litigate its related patents—which includes the '872 patent—against Apple in piecemeal fashion.

4. VoIP-Pal's bad-faith forum shopping attempts should be disregarded, and in the interests of justice and judicial efficiency (among other reasons), any dispute between VoIP-Pal and Apple concerning the '606 and '872 patents should be adjudicated in this District.

5. Apple believes that it does not infringe and has not infringed any claims of the '606 and '872 patents, and that the claims of the '606 and '872 patents are invalid.

6. VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and Apple as to whether Apple's products and/or services infringe any claims of the '606 and '872 patents, and whether the claims of the '606 and '872 patents are invalid.  The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues.

## THE PARTIES

7. Apple is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014.  Apple designs, manufactures, and markets mobile communication and media devices and personal computers, and sells a variety of related software, services, accessories, networking solutions, and third-party digital content and applications.

8. On information and belief, VoIP-Pal is a company incorporated and registered under the laws of Nevada with a principal place of business in Bellevue, Washington.

9. On information and belief, including statements VoIP-Pal made on its website and VoIP-Pal's allegations in litigations it filed in Texas, VoIP-Pal owns the '606 and '872 patents.

## JURISDICTIONAL STATEMENT

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

11. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Jurisdiction is also proper under 28 U.S.C. § 1332 because Apple and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

12. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.  An actual case and controversy exists at least because Apple does not infringe and has not infringed any claims of the '606 and '872 patents; VoIP-Pal previously filed lawsuits against Apple alleging infringement of six patents related to the '606 and '872 patents; the '606 and '872 patents share a common specification with those six patents; the claims of the six patents that were previously asserted in litigation against Apple are very similar to claims of the '606 and '872 patents; and VoIP-Pal has accused Apple of infringing the '606 patent in litigation in the Western District of Texas.  Moreover, all six of the patents previously asserted by VoIP-Pal were held invalid under 35 U.S.C. § 101 by this Court, and—based on the substantial similarities between those invalid claims and the claims of the '606 and '872 patents—the '606 patent is invalid for at least the same reasons.  The '606 patent issued in February 2019, during the pendency of VoIP-Pal's earlier lawsuits against Apple in the Northern District of California concerning patents from the same family.  Its apparent decision to delay filing suit on the '606 patent demonstrates VoIP-Pal's intent to litigate, in piecemeal fashion, its other patents that belong to the same family of patents that this Court has already invalidated.  Further demonstrating that intent, VoIP-Pal's executives have recently made public statements to the effect that VoIP-Pal is considering taking further action and is "not finished" taking action in the wake of a recent decision by the Federal Circuit affirming the judgment that the claims of two patents that VoIP-Pal previously asserted against Apple are invalid.  (Exhibit 9.)

13. This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged

in actions in this District that form the basis of Apple's claims against VoIP-Pal—namely, the prosecution of two prior patent infringement lawsuits against Apple in this District involving patents related to the '606 and '872 patents, and voluntarily transferring to this District two lawsuits that VoIP-Pal filed against Apple. VoIP-Pal's actions have created a real, live, immediate, and justiciable case or controversy between VoIP-Pal and Apple.

14. As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposefully directed allegations of infringement of the '606 patent and related patents at Apple, a company that resides and operates in this District.

15. In doing so, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in this action. Further, the exercise of personal jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of fairness and substantial justice.

16. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for non-infringement of patents is determined under the general venue statute, 28 U.S.C. § 1391. Additionally, VoIP-Pal consented to transfer to this District two lawsuits that VoIP-Pal filed against Apple.

17. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

18. As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, at least for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

19. In 2016, VoIP-Pal filed lawsuits in the District of Nevada against Apple, AT&T, Verizon Wireless, and Twitter, alleging infringement of two patents—U.S. Patent Nos. 8,542,815 (the "'815 patent") and 9,179,005 (the "'005 patent"). VoIP-Pal voluntarily consented to transfer of its case against Apple to this District, and between August and November 2018, each of the four cases was transferred to this District and consolidated for pretrial purposes: Apple (Case No. 5:18-cv-06217-LHK), AT&T (Case No. 5:18-cv-06177-LHK), Verizon Wireless (Case No. 5:18-cv-06054-LHK), and Twitter (Case No. 5:18-cv-04523-LHK).

20. Apple and the other defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), that the asserted claims of the '815 and '005 patents were invalid under 35 U.S.C. § 101. On March 25, 2019, this Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid. VoIP-Pal appealed. On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.

21. In 2018, VoIP-Pal filed additional lawsuits against Apple and Amazon, alleging infringement of four patents—U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549. (Case Nos. 5:18-cv-6216-LHK and 5:18-cv-7020-LHK.) Those four patents were part of the same family as, and shared a common specification with, the '815 and '005 patents that VoIP-Pal asserted in its earlier litigation. Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents were invalid under 35 U.S.C. § 101. On November 19, 2019, this Court granted the motion to dismiss and found all asserted claims of the four patents to be invalid. VoIP-Pal has filed an appeal, which is pending.

22. On April 7, 2020, VoIP-Pal filed a new lawsuit in the Western District of Texas (Waco Division) against Apple, alleging infringement of the '606 patent. (Civil Action No. 20-cv-275.) On or around the same time, VoIP-Pal also filed suits alleging infringement of the '606 patent against Amazon, Google, and Facebook.

23. The '872 patent issued on April 3, 2018 (during the pendency of VoIP-Pal's first lawsuit against Apple). It is in the same family as, and shares a common specification with, the

six patents that VoIP-Pal asserted in two litigations against Apple in this District and which were found to be invalid by this Court.

24. The '606 patent issued on February 26, 2019 (during the pendency of VoIP-Pal's two lawsuits against Apple in the Northern District of California), is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in earlier litigations against Apple and which were found to be invalid by this Court.

25. Even though the '872 and '606 patents are in the same family as the patents previously asserted by VoIP-Pal against Apple and have claims similar to the previously asserted claims, and even though those patents issued during the pendency of VoIP-Pal's lawsuits against Apple in this District, VoIP-Pal apparently chose to delay assertion. Its recent lawsuit concerning the '606 patent demonstrates that VoIP-Pal intends to litigate its related, similar patents against Apple in piecemeal fashion.

26. Further demonstrating that intent, on April 8, 2020 (after filing suit in the Western District of Texas against Apple alleging infringement of the '606 patent), VoIP-Pal's CEO publicly stated that despite this Court's invalidation of six of VoIP-Pal's patents as a result of its prior litigations against Apple, VoIP-Pal is "undeterred in [its] fight to assert [its] intellectual property rights"; that VoIP-Pal is "not finished"; and that VoIP-Pal "remain[s] firm in [its] resolve to achieve monetization for [its] shareholders and will continue to see this fight through until a successful resolution is reached." (Exhibit 9.)

27. VoIP-Pal's complaint against Apple in the Western District of Texas identifies claims 8 and 15 as "exemplary" claims that are allegedly infringed by Apple. These "exemplary" claims of the '606 patent are very similar to the claims of the six related patents that VoIP-Pal asserted against Apple in litigations in this District, and which this Court held to be invalid.

28. Likewise, the claims of the '872 patent are very similar to the claims of the '606 patent and to the six related patents that VoIP-Pal asserted against Apple in litigations in this District, which the Court held to be invalid.

| FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY | -6- | CASE NO. 3:20-CV-02460-JSC |

29. VoIP-Pal's infringement allegations against Apple in the Western District of Texas, as reflected in its complaint in that action, track its infringement allegations against Apple in the earlier actions in this District. For example, VoIP-Pal again directs its allegations towards Apple's FaceTime and Messages services, just as it did in the earlier actions in this District.

30. Apple believes that it does not infringe and has not infringed any claims of the '606 and '872 patents, and that the claims of the '606 and '872 patents are invalid at least for the same reasons that the claims of the six previously-asserted patents were held invalid.

31. VoIP-Pal's tactics appear to reflect an attempt to avoid the adverse judgments of this Court by bringing a lawsuit based on very similar patent claims in a different district. Moreover, in light of the significant overlap between the claims of the '606 patent, the '872 patent, and the six patents that VoIP-Pal previously asserted in litigation against Apple; VoIP-Pal's demonstrated intent to file lawsuits against Apple on related patents in piecemeal fashion; and VoIP-Pal's public statements threatening future litigation, a real and immediate controversy exists between Apple and VoIP-Pal as to the non-infringement and invalidity of the '606 and '872 patents. Furthermore, in the interests of justice and judicial efficiency (among other reasons), any dispute between VoIP-Pal and Apple concerning the '606 patent should be adjudicated in this District.

## INTRADISTRICT ASSIGNMENT

32. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis. Apple believes that the case should be assigned to the Honorable Lucy H. Koh, who presided over VoIP-Pal's prior lawsuits against Apple and other companies. (*See, e.g.*, Case Nos. 5:18-cv-6216-LHK; 5:18-cv-6217-LHK.)

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment That Apple Does Not Infringe The '606 Patent)**

33. Apple repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

34. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple infringes any claim of the '606 patent.

35. Apple does not infringe, and has not infringed, any claim of the '606 patent. For example, VoIP-Pal alleges that Apple infringes claims 8 and 15 of the '606 patent. Claims 8 and 15 depend from claim 1, which recite the limitations "routing message" and "processing the second participant identifier and the at least one first participant attribute, using the at least one processor, to produce a new second participant identifier based on at least one match between the second participant identifier and the at least one first participant attribute." Apple does not infringe claims 8 or 15 of the '606 patent at least because no Apple product or service meets or embodies at least the following limitations as used in the claimed inventions: "routing message"; "new second participant identifier"; "processing the second participant identifier and the at least one first participant attribute, using the at least one processor, to produce a new second participant identifier based on at least one match between the second participant identifier and the at least one first participant attribute"; and "when the second network element is determined to be the same as the first network element, producing a routing message identifying a first network address associated with the first network element, using the at least one processor; and when the second network element is determined not to be the same as the first network element, producing a routing message identifying a second network address associated with the second network element, using the at least one processor."

36. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple infringes any claim of the '606 patent.

37. Apple is entitled to judgment declaring that it does not infringe the '606 patent.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment That The Claims Of The '606 Patent Are Invalid)**

38. Apple repeats and realleges each and every allegation contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '606 patent is valid.

40. The '606 patent, which on its face issued on February 26, 2019 (during the pendency of VoIP-Pal's two lawsuits against Apple in the Northern District of California), is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in earlier litigations against Apple. This Court held that the asserted claims of those six patents were all invalid under 35 U.S.C. § 101.

41. Like those already-invalidated claims, the claims of the '606 patent are invalid under 35 U.S.C. § 101. For example, the claims of the '606 patent (including claim 8) are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that this Court held was abstract in analyzing several representative claims of four related patents. (*See* Ex. 5 at 32, 52, 53, 57; *see also* Ex. 4 at 21, 35 (holding that the idea of "routing a call based on the characteristics of a caller and callee" was abstract); Ex. 6 (affirming this Court's judgment of invalidity).) Furthermore, consistent with this Court's earlier judgments concerning related patents, none of the elements of the '606 patent's claims recites an inventive concept, either individually or as an ordered combination. For example, the claims (including claim 8) recite generic computer components (like a "packet switched communication system," a "processor," and a "database") that the specification admits were not invented by VoIP-Pal and that operate in their expected manner.

42. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '606 patent is valid.

43. Apple is entitled to judgment declaring that the claims of the '606 patent are invalid at least under 35 U.S.C. § 101.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment That Apple Does Not Infringe The '872 Patent)**

44. Apple repeats and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple infringes any claim of the '872 patent.

46. Apple does not infringe, and has not infringed, any claim of the '872 patent. For example, Apple does not infringe claim 30 of the '872 patent at least because no Apple product or service meets or embodies at least the following limitations as used in the claimed inventions: "routing message"; "new second participant identifier"; and "process the second participant identifier, based on at least one first participant attribute obtained from a user profile using the first participant identifier, to determine whether the communication initiated from the first participant device to the second participant device should be allowed to proceed and, if the communication is allowed to proceed, to produce a new second participant identifier."

47. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether Apple infringes any claim of the '872 patent.

48. Apple is entitled to judgment declaring that it does not infringe the '872 patent.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment That The Claims Of The '872 Patent Are Invalid)**

49. Apple repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '872 patent is valid.

51. The '872 patent is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in earlier litigations against Apple. This Court held that the asserted claims of those six patents were all invalid under 35 U.S.C. § 101.

52. Like those already-invalidated claims, the claims of the '872 patent are invalid under 35 U.S.C. § 101. For example, the claims of the '872 patent are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that this Court held was abstract in analyzing several representative claims of four related patents. (*See* Ex. 6 at 32, 52, 53, 57; *see also* Ex. 5 at 21, 35 (holding that the idea of "routing a call based on the characteristics of a caller and callee" was abstract); Ex. 7 (affirming this Court's judgment of invalidity).) Furthermore, consistent with this Court's earlier judgments concerning related patents, none of the elements of the '872 patent's claims recites an inventive concept, either individually or as an ordered combination. For example, the claims (including claim 30) recite generic computer components (like "communications system," "Internet-connected network elements," "computer-readable medium," a "processor," and a "database") that the specification admits were not invented by VoIP-Pal and that operate in their expected manner.

53. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Apple, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '872 patent is valid.

54. Apple is entitled to judgment declaring that the claims of the '872 patent are invalid at least under 35 U.S.C. § 101.

**PRAYER FOR RELIEF**

Apple respectfully requests the following relief:

A. That the Court enter a judgment declaring that Apple has not infringed and does not infringe any valid and enforceable claim of the '606 patent;

B. That the Court enter a judgment declaring that the claims of the '606 patent are invalid;

C. That the Court enter a judgment declaring that Apple has not infringed and does not infringe any valid and enforceable claim of the '872 patent;

D. That the Court enter a judgment declaring that the claims of the '872 patent are invalid;

E. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Apple its attorneys' fees, costs, and expenses incurred in this action;

F. That the Court award Apple any and all other relief to which Apple may show itself to be entitled; and

G. That the Court award Apple any other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

Apple hereby demands a jury trial on all issues and claims so triable.

DATED: April 14, 2020

By: */s/ Peter C. Magic*
DESMARAIS LLP
John M. Desmarais (Bar No. 320875)
Peter C. Magic (Bar No. 278917)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
jdesmarais@desmaraisllp.com
pmagic@desmaraisllp.com

DESMARAIS LLP
Ameet A. Modi (*pro hac vice* application pending)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
amodi@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*