Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOIP-PAL.COM, INC., <br><br> Defendant. | Case No. 5:20-CV-02460-LHK <br><br> **DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO STAY PROCEEDINGS** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hon. Lucy H. Koh <br><br> Date: May 20, 2021 <br> Time: 1:30p <br> Courtroom 8, 4th Floor |

| | |
|---|---|
| AT&T CORP., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>VOIP-PAL.COM, INC.,<br><br>Defendant. | Case No. 5:20-CV-02995-LHK |
| CELLCO PARTNERSHIP DBA VERIZON WIRELESS,<br><br>Plaintiff,<br><br>v.<br><br>VOIP-PAL.COM, INC.,<br><br>Defendant. | Case No. 5:20-CV-03092-LHK |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 20, 2021 at 1:30 p.m., in Courtroom 8, 4th Floor before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California, Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") will move the Court for a stay of proceedings pending a decision in the Federal Circuit of VoIP-Pal's Petition for Writ of Mandamus.

**ISSUE TO BE DECIDED**

1. Whether this Court should stay proceedings in the declaratory judgment actions filed by Apple Inc., AT&T Corp. et al., and Verizon Wireless pending a decision of the Federal Circuit on VoIP-Pal's Petition for Writ of Mandamus.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") respectfully moves this Court to stay the above-captioned proceedings pending the United States Court of Appeals for the Federal Circuit's resolution of VoIP-Pal's Petition for Writ of Mandamus.  *See* Exhibit 1.  In its Petition, VoIP-Pal asks the Federal Circuit to vacate this Court's orders denying VoIP-Pal's motion to dismiss these actions so that the first-filed court in the Western District of Texas (WDTX) can decide how these subsequently filed cases should proceed.

VoIP-Pal respectfully submits that a stay pending resolution of VoIP-Pal's Petition is warranted to prevent prejudice to VoIP-Pal and to conserve the parties' and Court's resources. Currently, the Court's schedule has the parties proceeding on track for a *Markman* hearing. The parties have a case management conference scheduled for January 20, 2021 and must file a case management statement by January 13, 2021.  Invalidity contentions are due on February 19, 2021. Proposed terms for claim construction are due on March 5, 2021.  Preliminary claim constructions and extrinsic evidence are due to be exchanged on March 26, 2021.  The joint claim construction and prehearing statement is due on April 21, 2021.  Claim construction discovery closes on May 21, 2021 and opening claim construction briefs are due on June 7, 2021, and the *Markman* hearing is scheduled for July 22, 2021.  A stay would simplify the issues by giving the parties and the Court clarity, before investing significant time and resources, as to whether these cases will go forward in this Court or be dismissed.

## II.   STATEMENT OF RELEVANT FACTS

On July 10, 2020, VoIP-Pal filed its Consolidated Motion to Dismiss the declaratory-judgment complaints filed by Apple Inc., AT&T Corp., et al. and Verizon Wireless (Case No. 5:20-cv-02460; Dkt. No. 32; Case No. 5:20-cv-02995, Dkt. No. 31; Case No. 5:20-cv-03092, Dkt. No. 30).  The Motion to Dismiss requested that the Court dismiss these second-filed-declaratory-judgment actions under the first-to-file rule and to defer to first-filed Texas court to deliberate and rule on Plaintiffs' motions to transfer VoIP-Pal's infringement actions from the WDTX to the Northern District of California (NDCAL).  The parties completed their briefing on August 14, 2020 (Case 20-cv-02460; Dkt. No. 44; Case 20-cv-02995; Dkt. No. 44; Case 20-cv-03092; Dkt. No. 39).

On December 11, 2020, the Court issued its opinion denying the consolidated Motion to Dismiss.  On January 13, 2021, VoIP-Pal filed its Petition for Writ of Mandamus with the Federal Circuit.

## III.   LEGAL STANDARD

The Court may stay trial proceedings pending resolution of a petition for writ of mandamus to the Court of Appeals.  A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).  *See Genentech, Inc. v. Sanofi-Aventis Deutschland GMBH*, No. C 08-4909, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009) (staying all proceedings pending resolution of mandamus petition in related case).

In determining whether to stay a case, "district courts must apply a four-factor test similar to that which it applies in reviewing requests for preliminary injunction." *J.J.D. v. City of Torrance*, No.

CV 14-07463, 2016 WL 6674996, at *2 (S.D. Cal Mar. 22, 2016).  These factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).  Importantly, each of these factors need not be given equal weight.  *Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 513* (Fed. Cir. 1990).  Rather, "the four stay factors can effectively merge," in that the court "assesses the movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id.*

## IV.     ARGUMENT

VoIP-Pal respectfully submits that a stay of proceedings pending the Federal Circuit's decision on VoIP-Pal's Petition is necessary and appropriate.  The likely simplification of the issues in these cases, and the conservation of party and judicial resources makes this the optimal approach.

### A.   VoIP-Pal Likely Will Prevail on the Merits of Its Petition

VoIP-Pal likely will succeed on the merits of its Petition.  Mandamus relief is warranted where: (1) the petitioner's "right to issuance of the writ is clear and indisputable"; (2) there is "no other adequate means to attain the relief [the petitioner] desires"; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (quotation marks omitted).  As fully described in the Petition to the Federal Circuit, the Court made no finding that it was the first-filed court and in fact analyzed the first-to-file rule as if it were the second-filed court.  Instead, the Court applied an exception to the first-to-file rule to justify keeping these actions. But as the second-filed court, the Court should have dismissed, stayed, or transferred these cases so that the first-filed court—the WDTX—could determine how VoIP-Pal's first-filed cases should proceed.  *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later,

generally is to be stayed, dismissed, or transferred to the forum of the infringement action."). VoIP-Pal's WDTX cases are stayed and VoIP-Pal has requested that they remain stayed pending the resolution of VoIP-Pal's Petition. *See* Exhibit 2. Plaintiffs did not object to Judge Albright keeping the case stayed in view of VoIP-Pal's suggestion that it would file a mandamus petition. *Id.* Thus, the first-to-file issue is far from being resolved.

The Federal Circuit is likely to rule in VoIP-Pal's favor because the Court found exceptions to the first-to-file rule notwithstanding a lack of evidence in the record to support these findings and erroneous legal conclusions regarding the primacy of its decisions and the potential for inconsistent rulings by the first-filed Texas court. The Court has turned the analysis of the first-filed rule on its head. Indeed, this Court not only helped the DJ plaintiffs by creating a record they themselves failed to provide, the Court also gave them a ruling on exceptions to the first-to-file rule that they never argued and that do not exist. More importantly, the Court's decision resulted in multiplicative litigation in two district courts – in contravention of the efficiencies inherent in the doctrine underpinning the first-to-file rule. *See* Exhibit 1.

The Federal Circuit has reviewed first-to-file rule decisions in the exercise of its mandamus jurisdiction. *See In re Nitro Fluids L.L.C.*, No. 20-142, 2020 U.S. App. LEXIS 33984 (Fed. Cir. Oct. 28, 2020); *In re Google Inc.*, 588 F. App'x 988 (Fed. Cir. 2014). Because the Federal Circuit is likely to recognize the errors of the Court by failing to defer to first-filed Texas court to decide the fate of these second-filed-declaratory-judgment actions, the Court should stay these cases pending resolution of the Petition.

**B. A Stay is Warranted to Prevent Harm to VoIP-Pal and To Conserve Party and Judicial Resources**

As detailed in the Motion to Dismiss, VoIP-Pal has suffered and continues to suffer prejudice by having to litigate three duplicative cases almost 2,000 miles away from where it filed six infringement actions, as well as having to litigate in a forum where it has no contacts, where it has not

threatened the DJ plaintiffs with litigation on the patents-in-suit, and, not insignificantly, where this Court's decision will likely be overturned on appeal for lack of personal jurisdiction and subject-matter jurisdiction.  VoIP-Pal is a small company that is sensitive to litigation costs versus AT&T, Verizon, and Apple, three of the largest and wealthiest publicly-traded companies in the world.  Although the DJ plaintiffs can afford to multiply these proceedings, the DJ plaintiffs did not need to file their declaratory-judgment actions the NDCAL—they already had a venue to litigate their claims of noninfringement and invalidity in the first-filed Texas court, a venue where none contested personal jurisdiction or venue.

       The DJ plaintiffs asked for and the WDTX *sua sponte* stayed its cases pending resolution of the first-to-file issues, thus preventing the timely resolution of the DJ plaintiffs' transfer motions.  *See* Exhibit 3.  Although typically it is the accused infringer who wants its transfer motion heard but is forced by the court to expend resources, potentially wastefully, in this case it is the patent owner VoIP-Pal who has been harmed by having this case go forward, without deciding the merits of the transfer motions that were fully briefed in Texas.  *See In re EMC Corp.*, 501 F.App'x 973, 975-76 (Fed. Cir. 2013) ("Congress' intent 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense' may be thwarted where defendant [or DJ defendant] is subject to extended litigation prior to resolution of its transfer motion [or motion to dismiss].").  It appears that the WDTX—the first-filed court—will decide these motions only after the Federal Circuit rules on VoIP-Pal's Petition.  As such, VoIP-Pal's infringement claims on the '606 patent are being held in limbo while the DJ plaintiffs are trying to press forward with their invalidity claims in this Court, which, as argued in the Petition, should be dismissed.  As such, failing to grant the requested stay harms VoIP-Pal and gives the DJ plaintiffs a distinct and unfair tactical advantage.

       Furthermore, if the Federal Circuit denies VoIP-Pal's Petition and VoIP-Pal's WDTX cases are transferred to this Court, then a new case management schedule will be necessary in order to align

these cases with the transferred cases and to avoid duplication of effort. Accordingly, staying these cases until the Federal Circuit determines where the parties' disputes will proceed will promote judicial economy.

Given the aggressive case schedule, VoIP-Pal cannot realistically expect a decision from the Federal Circuit before claim construction discovery closes on May 21, 2021, and cannot be sure a decision will issue before opening claim construction briefs are due on June 7, 2021. A stay serves all parties and the Court by conserving resources during the short period when the Federal Circuit is likely to decide VoIP-Pal's Petition. Otherwise, the parties and the Court risk wasting considerable time and resources should the Federal Circuit grant the writ. As such, the prudent course is for the Court to enter a stay pending final resolution of the Petition.

### C. No Party will Suffer Substantial Harm from a Stay

Issuance of the requested stay will not harm any party. Apple, AT&T, and Verizon do not compete with VoIP-Pal. Apple, AT&T, and Verizon are seeking declarations of invalidity and noninfringement, and VoIP-Pal has not filed counterclaims. Thus, damages and injunctive relief are not at issue. The first-filed cases in the WDTX are stayed. No party will suffer prejudice because of a delay. The risk of wasted resources arising from the current case schedule far outweighs any need to continue litigating under the current case schedule.

### D. The Public Interest Favors a Stay

Finally, the public interest favors a stay. While VoIP-Pal acknowledges the public interest in speedy resolution of disputes, this case is not scheduled for trial until November 7, 2022, for Apple and November 28, 2022, for AT&T and Verizon. Indeed, the realities of the never-ending COVID-19 health emergency and the closure of courthouses in this district makes the timing of trials in these consolidated actions highly uncertain.

In addition, the fact that this is purely an action seeking a declaratory judgment coupled with the fact that there is no competition in the marketplace between the VoIP-Pal and the DJ plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK
8

substantially diminishes that interest here. In contrast, a modest stay pending resolution of VoIP-Pal's Petition satisfies both the public's interest in the efficient use of judicial resources and Federal Circuit's "strong preference to avoid duplicative litigation." *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014).

V. **CONCLUSION**

For the reasons set forth above, VoIP-Pal's Motion to Stay pending Resolution of its Petition for Writ of Mandamus should be granted.

Dated: January 13, 2021

Respectfully submitted,

*/s/ Lewis E. Hudnell, III*
Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

# CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing CONSOLIDATED MOTION TO STAY PROCEEDINGS via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 13th day of January, 2021.

By: */s/ Lewis E. Hudnell, III*
Lewis E. Hudnell III
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034
lewis@hudnelllaw.com