UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>VOIP-PAL.COM, INC.,<br><br>    Defendant. | Case No. 20-CV-02460-LHK<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND GRANTING STAY**<br><br>Re: Dkt. No. 65 |
| AT&T CORP., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VOIP-PAL.COM, INC.,<br><br>    Defendant. | Case No. 20-CV-02995-LHK |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>    Plaintiff,<br><br>    v.<br><br>VOIP-PAL.COM, INC.,<br><br>    Defendant. | Case No. 20-CV-03092-LHK |

1
Case Nos. 20-CV-02460-LHK, 20-CV-02995-LHK, 20-CV-03092-LHK, 20-CV-02397-LHK
ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND STAYING CASE

|   |   |
|---|---|
| TWITTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOIP-PAL.COM, INC., <br><br> Defendant. | Case No. 20-CV-02397-LHK |

On January 13, 2021, the parties filed a joint case management statement in advance of the January 20, 2021 case management conference. Case No. 20-CV-02460-LHK, ECF No. 64. The Court continues the January 20, 2021 case management conference to March 3, 2021 at 2:00 p.m. The parties shall file a joint case management statement by February 24, 2021.

On January 13, 2021, VoIP-Pal petitioned the Federal Circuit for a writ of mandamus in the Apple, AT&T, and Verizon cases regarding this Court's order on VoIP-Pal's motion to dismiss. Case No. 20-CV-02460-LHK, ECF No. 65 at 4. That same day, VoIP-Pal filed a motion to stay the Apple, AT&T, and Verizon cases pending a resolution of VoIP-Pal's petition for a writ of mandamus. Case No. 20-CV-02460-LHK, ECF No. 65. The Court GRANTS VoIP-Pal's motion and STAYS the instant cases until resolution of VoIP-Pal's petition for a writ of mandamus by either the Federal Circuit Court of Appeals or the United States Supreme Court.

VoIP-Pal has not petitioned the Federal Circuit for a writ of mandamus in the Twitter case and has not filed a motion to stay the Twitter case. Furthermore, VoIP-Pal did not indicate in the joint case management statement or the motion to stay that VoIP-Pal intends to petition for a writ of mandamus in the Twitter case. Moreover, VoIP-Pal's arguments for a writ of mandamus in the Apple, AT&T, and Verizon cases focus on VoIP-Pal's arguments under the first-to-file rule. *See* Case No. 20-CV-02460-LHK, ECF No. 65-3. VoIP-Pal's first-to-file arguments do not apply to Twitter because VoIP-Pal has not sued Twitter, whose headquarters are based in the Northern District of California, in the Western District of Texas. Nonetheless, the Court stays all four of the instant cases because all four cases seek declaratory judgments of non-infringement as to United States Patent No. 10,218,606 ("the '606 patent") and share the same case schedule through claim

construction and expert discovery. *See* Case No. 20-CV-02460-LHK, ECF No. 61; Case No. 20-CV-02995-LHK, ECF No. 62. Thus, staying all four cases is most efficient and avoids the possibility of inconsistent rulings.

Moreover, the Court is also concerned that proceeding in the instant cases may risk the possibility of rulings inconsistent with the rulings of United States District Judge Alan Albright in the Western District of Texas. VoIP-Pal has sued Facebook, Google, and Amazon in addition to Apple, AT&T, and Verizon for infringement of the '606 patent in the Western District of Texas.[1] In July 2020, all six defendants moved for a stay pending the Northern District of California's determination of jurisdiction over the instant cases or for transfer to the Northern District of California.[2] Judge Albright stayed the six cases pending before him until the Northern District of California issued an order on the motions to dismiss in the Apple, AT&T, Verizon, and Twitter cases. *See Apple*, Case No. 20-CV-00275-ADA, ECF No. 43 (W.D. Tex. Sept. 29, 2020). This Court ruled on those motions to dismiss on December 11 and 14, 2020. *See* Case No. 20-CV-02460-LHK, ECF No. 60; Case No. 20-CV-02397, ECF No. 50. On December 21, 2020, VoIP-Pal requested that Judge Albright maintain the stay until resolution of VoIP-Pal's impending petition for a writ of mandamus as to Apple, AT&T, and Verizon. *See Apple*, Case No. 20-CV-00275-ADA, ECF No. 44. Apple, AT&T, and Verizon requested a transfer to the Northern District of California pursuant to the December 11, 2020 order, but stated that if Judge Albright was not inclined to immediately transfer the actions, then Apple, AT&T, and Verizon would not oppose a stay. *Id*. To date, Judge Albright has not lifted the stay as to any of the six defendants. If both the Western District of Texas and the Northern District of California proceed to rule on the same '606

---

[1] *See VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 1; *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269-ADA, ECF No. 1; *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc.*, Case No. 20-CV-00272-ADA, ECF No. 1; *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 1; *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA, ECF No. 1; *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 1.

[2] *See Facebook*, Case No. 20-CV-00267-ADA, ECF No. 26; *Google*, Case No. 20-CV-00269-ADA, ECF No. 18; *Amazon*, Case No. 20-CV-00272-ADA, ECF No. 26; *Apple*, Case No. 20-CV-00275-ADA, ECF No. 17; *AT&T*, Case No. 20-CV-00325-ADA, ECF No. 22; *Verizon*, Case No. 20-CV-00327-ADA, ECF No. 17.

patent issues, there is a risk of potentially inconsistent rulings.

Moreover, resolution of VoIP-Pal's petition for a writ of mandamus may impact Amazon, Facebook, and Google's motions to transfer that have not yet been ruled upon by Judge Albright. The Court notes that VoIP-Pal litigated its 2018 patent infringement action against Amazon along with Apple in the Northern District of California. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926 (N.D. Cal. 2019). Thus, resolution of VoIP-Pal's petition for a writ of mandamus may be instructive. Moreover, Facebook and Google, which are headquartered in the Northern District of California, were not previously sued by VoIP-Pal. However, resolution of VoIP-Pal's petition for a writ of mandamus may shed light on where these cases, all of which involve the '606 patent, are litigated. Thus, with so many uncertainties, a stay in the instant cases pending resolution of VoIP-Pal's petition for a writ of mandamus is the most efficient for the Court and the parties and avoids the possibility of inconsistent rulings.

The Court thus STAYS the instant cases until resolution of VoIP-Pal's petition for a writ of mandamus by either the Federal Circuit Court of Appeals or the United States Supreme Court. The parties shall notify the Court within three business days of any such ruling.

**IT IS SO ORDERED.**

Dated: January 14, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case Nos. 20-CV-02460-LHK, 20-CV-02995-LHK, 20-CV-03092-LHK, 20-CV-02397-LHK
ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND STAYING CASE