Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>VOIP-PAL.COM, INC.,<br><br>        Defendant. | Case No. 5:20-CV-02397-LHK<br><br>**DEFENDANT VOIP-PAL.COM, INC.'S CONSOLIDATED MOTION TO STRIKE PLAINTIFFS' CONSOLIDATED INVALIDITY CONTENTIONS**<br><br>Honorable Lucy H. Koh<br><br>Date: October 21, 2021<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor |
| APPLE INC.,<br><br>        Plaintiff,<br><br>   v. | Case No. 5:20-CV-02460-LHK |

VOIP-PAL.COM, INC.,

     Defendant.

Case No. 5:20-CV-02995-LHK

AT&T CORP., AT&T SERVICES, INC.,
AND AT&T MOBILITY LLC,

      Plaintiffs,

   v.

VOIP-PAL.COM, INC.,

      Defendant.

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION…………………………………………………………………..1

II.  FACTUAL BACKGROUND…………………………………………………………2

III. LEGAL STANDARD…………………………………………………………………7

IV. ARGUMENT…………………………………………………………………...7

      A.      Plaintiffs' Invalidity Contentions Should Be Struck Because Plaintiff
            Failed To Plead Invalidity Under 35 U.S.C. §§ 102, 103, And 112………………  7

      B.      Plaintiffs Cannot Show Diligence In Seeking Leave To Amend Their Pleadings
            To Add Claims For Invalidity Under 35 U.S.C. §§ 102, 103, and 112………………8

      C.      Plaintiffs' New Contentions Unduly Prejudice VoIP-Pal…………………………..9

V.  CONCLUSION…………………………………………………………………11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
   No. 16-10914-FDS, 2019 U.S. Dist. LEXIS 144109 (D. Mass. Aug. 23, 2019)................................ 6, 7

*Acri v. Intern'l Ass'n of Machinists & Aerospace Workers*,
   781 F.2d 1393 (9th Cir. 1986) .................................................................................................... 10

*Ahlmeyer v. Nevada Sys. Of Higher Educ.*, 555 F.3d 1051 (9th Cir. 2009) ............................................ 9

*Ashcroft v. Iqbal*
   556 U.S. 663 (2009)................................................................................................................. 4, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 570 (2007)). ............................................................................................................... 4, 7

*Brown v. Medtronic, Inc.*,
   628 F.3d 451(8th Cir. 2010) ........................................................................................................ 4

*DCG Sys. v. Checkpoint Techs., LLC*,
   No. C 11-03792 PSG, 2012 WL 1309161 (N.D. Cal. Apr. 16, 2012)..................................................... 6

*Duramed Pharms., Inc. v. Watson Labs., Inc.*,
   No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908 (D. Nev. Dec. 12, 2008)..................................... 5

*Grid Sys. Corp. v. Texas Instruments, Inc.*,
   771 F. Supp. 1033 (N.D. Cal. 1991) ............................................................................................... 5

*Hopkins v. Saunders*,
   199 F.3d 968 (8th Cir. 1999) ........................................................................................................ 4

*In Suk Kim v. Vilsack*,
   No. C 10-02101 CW, 2011 U.S. Dist. LEXIS 14122 (N.D. Cal. Feb. 3, 2011 ....................................... 8

*Kennedy v. H & M Landing, Inc.*,
    529 F.2d 987 (9th Cir. 1976) ....................................................................................................... 5

*Lockheed Martin Corp. v. Network Sols., Inc.*,
   194 F.3d 980 (9th Cir. 1999) ...................................................................................................... 10

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) .................................................................................................... 10

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*,
    417 F. Supp. 2d 1121 (N.D. Cal. 2006)) ................................................................... 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed Cir. 2006) ............................................................................... 6

*Price v. Trans Union, LLC*,
    737 F. Supp. 2d 276 (E.D. Pa. 2010) ..................................................................... 8

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................................. 5

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No.
    C 09-05659, 2016 U.S. Dist. LEXIS 57533 (N.D. Cal. Apr. 29, 2016) ......................... 6, 11

*Sliding Door Co. v. KLS Doors, LLC*,
    No. EDCV 13-00196 JGB (DTBx), 2013 U.S. Dist. LEXIS 71304(C.D. Cal. May 1, 2013) ........... 4, 7

*Slot Speaker Techs., Inc. v. Apple, Inc.*, Case No.13-cv-01161-HSG, 2017 U.S. Dist. LEXIS 161400,
(N.D. Cal. Sep. 29, 2017) .................................................................................. 10

*Swanson v. United States Forest Serv.*,
    87 F.3d 339 (9th Cir. 1996)) ................................................................................ 10

*Total Rebuild, Inc. v. PHC Fluid Power, L.L.C.*,
    Case No. 6:15-CV-1855, 2019 U.S. Dist. LEXIS 195216 (W.D. La. Nov. 8, 2019) .................. 10

*United States v. Safran Grp., S.A.*, Case No. 15-CV-00746-LHK,
    2017 U.S. Dist. LEXIS 70985 (N.D. Cal. May 9, 2017). ................................................ 6

*Western Mining Council v. Watt*,
    643 F.2d 618 (9th Cir.1981)) ............................................................................... 5

*Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.*,
    609 F.3d 1308(Fed. Cir. 2010) .............................................................................. 5

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
    No. C 11-0671 SI, 2011 U.S. Dist. LEXIS 81986 (N.D. Cal. 2011) ................................. 7

**Rules**

Fed. R. Civ. P. 8 .............................................................................................. 7
Fed. R. Civ. P. 15 ............................................................................................. 7
Fed. R. Civ. P. 16 ……………………………………………………………………………………………8

**Statutes**

35 U.S.C. § 101 ........................................................................................ passim

DEFENDANT VOIP-PAL.COM, INC.'S CONSOLIDATED MOTION TO STRIKE PLAINTIFFS' CONSOLIDATED
INVALIDITY CONTENTIONS
Case Nos.: 5:20-CV-02397-LHK, 5:20-CV-02460-LHK, 5:20-CV-02995-LHK

35 U.S.C. § 102..................................................................................................... passim
35 U.S.C. § 103..................................................................................................... passim
35 U.S.C. § 112..................................................................................................... passim

**TABLE OF ABBREVIATIONS**

| ABBREVIATION | TERM |
|---|---|
| VoIP-Pal | Defendant VoIP-Pal.com, Inc. |
| Twitter | Twitter, Inc. |
| Apple | Plaintiff Apple, Inc. |
| AT&T | Plaintiffs AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC |
| Plaintiffs | Twitter, Apple, and AT&T |
| The '606 patent | U.S. Patent No. 10,218,606 |
| The '872 patent | U.S. Patent No. 9,935,872 |
| The 2016 cases | *VoIP-Pal.com, Inc. v. Twitter, Inc.*, No. 5:18-cv-04523-LHK (N.D. Cal.); *VoIP-Pal.com, Inc. v. Verizon Wireless Services, LLC*, No. 18-cv-06054-LHK (N.D. Cal.); *VoIP-Pal.com, Inc. v. AT&T Corp.*, No. 3:18-cv-06177-LHK (N.D. Cal.); and *VoIP-Pal.com, Inc. v. Apple, Inc.*, No. 3:18-cv-06217-LHK (N.D. Cal.) |
| The 2018 cases | *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 5:18-cv-7020 (N.D. Cal.) and *VoIP-Pal.com, Inc. v. Apple Inc.*, No. 5:18-cv-6216 (N.D. Cal.) |

## <u>NOTICE OF MOTION AND CONSOLIDATED MOTION TO STRIKE PLAINTIFFS'<br>CONSOLIDATED INVALIDITY CONTENTIONS</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 21, 2021 at 1:30 p.m., in Courtroom 8, 4th Floor before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California, Defendant VoIP-Pal.com, Inc. will move the Court to strike Plaintiffs' Consolidated Invalidity Contentions served on May 26, 2021 as they pertain to invalidity under 35 U.S.C. §§ 102, 103, and 112. The grounds for this Motion, as set forth in detail below, are simply that the Plaintiffs have failed to timely plead invalidity under 35 U.S.C. §§ 102, 103, and 112 by the deadline set forth in the Court's Case Management Order. Plaintiffs cannot show diligence in seeking leave to pursue such an amendment and any such amendment would unduly prejudice VoIP-Pal. Accordingly, Plaintiffs' Consolidated Invalidity Contentions under §§ 102, 103, and 112 should be struck.

## <u>ISSUE TO BE DECIDED</u>

1. Whether the Court should strike Plaintiffs' Consolidated Invalidity Contentions to the extent that they assert invalidity under §§ 102, 103, and 112 because Plaintiffs failed to plead these grounds in their complaints?

## I. INTRODUCTION

The Court should strike Plaintiffs' Invalidity Contentions to the extent that they assert grounds of invalidity other than under 35 U.S.C. §101 because Plaintiffs have not pled any other grounds of invalidity. *See* Hudnell Decl. at ¶ 2 (Ex. 1). In addition to § 101, the Invalidity Contentions assert that U.S. Patent Nos. 9,935,872 ("the '872 patent") and 10,218,606 ("the '606 patent") are invalid under 35 U.S.C. §§ 102, 103, and 112. But Plaintiffs have never pled invalidity on these additional grounds. Indeed, *the Plaintiffs' Complaints do not even mention §§ 102, 103 or 112*. Rather, Plaintiffs have unreasonably multiplied these cases by improperly introducing these grounds into the cases through the backdoor of their Invalidity Contentions. To give the Court some sense of the magnitude of Plaintiffs' improper multiplication of these cases, Plaintiffs' Invalidity Contentions introduce 15 alleged prior art

references, 26 claim charts, and over 58,000 pages of alleged prior art to support newly sprung invalidity theories under §§ 102, 103 and 112.  Plaintiffs originally filed their complaints over fourteen months ago.  The pleadings closed almost six months ago.  Deadlines for amending the pleadings as a matter of right and under the Case Management Order have long past.  Plaintiffs cannot legitimately seek leave to amend their complaints because all of Plaintiffs' additional grounds could have been pled sooner and as such, Plaintiffs have not been diligent in seeking leave to amend.  Accordingly, VoIP-Pal respectfully requests that the Court strike the Invalidity Contentions to the extent that they assert invalidity grounds other than § 101.

## II. FACTUAL BACKGROUND

The following table summarizes the deadlines relevant to this Motion:

| Plaintiff | Original Complaint Filed | First Amended Complaint Filed | Deadline to Amend Complaint per Scheduling Order[1] | VoIP-Pal Answer Filed | Plaintiffs' Invalidity Contentions Served[2] |
|---|---|---|---|---|---|
| Twitter | 4-8-2020 | 6-16-2020 | 9-22-2020 | 12-28-2020 | 5-26-2021 |
| Apple | 4-10-2020 | 4-14-2020 | 9-22-2020 | 12-28-2020 | 5-26-2021 |
| AT&T | 4-30-2020 | N.A. | 9-22-2020 | 12-28-2020 | 5-26-2021 |

On April 8, 2020, Twitter filed its Original Complaint for Declaratory Judgment as to the '606 patent.  *See* Case No. 5:20-CV-02397, Dkt. No. 1.  Twitter's Original Complaint did not include a count for invalidity.  On June 16, 2020, Twitter filed its First Amended Complaint.  *See* Case No. 5:20-CV-02397, Dkt. No. 29.  Twitter amended its complaint to add one count for invalidity under 35 U.S.C. § 101.  *See* Case No. 5:20-CV-02397 (Dkt. No. 29 at ¶¶ 41-46).  As to the grounds for invalidity, Twitter

---

[1] *See* Case No. 5:20-cv-2397-LHK, Dkt. No. 35; Case No. 5:20-cv-2460-LHK, Dkt. No. 42; Case No. 5:20-cv-2995-LHK, Dkt. No. 43.

[2] See Case No. 5:20-cv-2397-LHK, Dkt. No. 57; Case No. 5:20-cv-2460-LHK, Dkt. No. 69; Case No. 5:20-cv-2995-LHK, Dkt. No. 70.

alleged only that "the claims of the '606 patent are invalid at least under 35 U.S.C. § 101" and failed to plead claims for invalidity under 35 U.S.C. §§ 102, 103, and 112. *Id.* at 46.  Twitter did not seek leave to make any amendments to its First Amended Complaint before the September 22, 2020 deadline to amend.  On December 28, 2020, VoIP-Pal answered the Amended Complaint and the pleadings closed. *See* Case No. 5:20-CV-02397 (Dkt. No. 52).

On April 10, 2020, Apple filed its Original Complaint for Declaratory Judgment as to the '606 patent.  *See* Case No. 5:20-CV-02460, Dkt. No. 1.  Apple alleged one count for invalidity under 35 U.S.C. § 101 stating "the claims of the '606 patent are invalid at least under 35 U.S.C. § 101." *Id.* at ¶¶ 34-39.  On April 14, 2020, Apple filed its Amended Complaint.  *See* Case No. 5:20-CV-02460, Dkt. No. 10.  Apple amended its Original Complaint to add the '872 patent to the case and included another count for invalidity under 35 U.S.C. § 101 as to the '872 patent.  *See id.* at ¶¶ 49-54.  Apple again failed to plead claims for invalidity under 35 U.S.C. §§ 102, 103, and 112, alleging only that "the claims of the '872 patent are invalid at least under 35 U.S.C. § 101." *Id.* at ¶ 54.  Apple did not seek leave to make any amendments to its First Amended Complaint before the September 22, 2020 deadline to amend.  On December 28, 2020, VoIP-Pal answered the Amended Complaint and the pleadings closed.  *See* Case No. 5:20-CV-02460, Dkt. No. 62.

On April 30, 2020, AT&T filed its Original Complaint for Declaratory Judgment as to the '606 patent.  *See* Case No. 5:20-CV-02995, Dkt. No. 1.  AT&T's Original Complaint included one count for invalidity under 35 U.S.C. § 101 that also stated only "the claims of the '606 patent are invalid at least under 35 U.S.C. § 101." *Id.* at ¶¶ 38-43.  AT&T never amended its complaint and never sought leave to amend its original complaint before the September 22, 2020 deadline to amend.  On December 28, 2020, VoIP-Pal answered the Original Complaint and the pleadings closed.  *See* Case No. 5:20-CV-02995, Dkt. No. 63.

Notably also, Plaintiffs never mention §§ 102, 103, or 112 in any of their case management statements, further showing that Plaintiffs had not previously pled these issues.  *See* Case No. 5:20-cv-2397-LHK, Dkt Nos. 34, 49, 53, 55, 76; Case No. 5:20-cv-2460-LHK, Dkt. Nos. 41, 59, 64, 68, 83; Case No. 5:20-cv-2995-LHK, Dkt. Nos. 39, 60, 65, 69, 84.

### III. LEGAL STANDARD

"[A] claim must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged."  *Id.*; *accord Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).  The aim of the plausibility standard "is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Furthermore, a court need not accept a party's legal conclusions, only its factual allegations. *Brown v. Medtronic, Inc*., 628 F.3d 451, 459 (8th Cir. 2010).

Specifically, numerous courts in this district, in sister districts of the Ninth Circuit, and elsewhere have dismissed counterclaims in patent cases that merely recited formulaic legal conclusions of invalidity because they did not state an adequate claim for relief.  For instance, in *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB (DTBx), 2013 U.S. Dist. LEXIS 71304, at *11-12 (C.D. Cal. May 1, 2013), the court applied the holdings of *Iqbal* and *Twombly* to patent claims, noting that "[s]ince the pleading requirements of Rule 8 are intended to give notice to parties of the allegations

against them, this Court agrees with the district courts that require sufficient allegations to give fair notice to the other party."  Specifically, the Court found that:

> Defendants' Second Claim for Relief does not allege any facts to support its assertion that the 729 Patent is invalid. (*See* Counterclaim, ¶¶ 14-18). The Counterclaim merely states that Defendants "allege that one or more claims of the 729 Patent are invalid for failure to meet the requirements of patentability." (Counterclaim, ¶ 15).

*Id.*  In addition, in *Qarbon.com Inc. v. eHelp Corp*., 315 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 2004), the Northern District held that the defendant did not "adequately plead its counterclaim for declaratory judgement."  Instead:

> In alleging patent invalidity, eHelp simply pleads the citation. eHelp alleges that "the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.,* and specifically, §§ 101, 102, 103, and/or 112 ...." Counterclaim ¶ 6.  Such a pleading is "radically insufficient."  The Court will not accept wholly conclusory allegations.

*Id.* (citing *Grid Sys. Corp. v. Texas Instruments, Inc.,* 771 F. Supp. 1033, 1042 (N.D. Cal. 1991); *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976); and *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981)).  The court further held that "[b]y making general allegations, eHelp fails to give 'fair notice' to Qarbon" because "eHelp, by alleging several grounds for invalidating and voiding the '411 patent, does not provide Qarbon with a basis for assessing the strength of eHelp's counterclaim."  *Id.*; *see also Duramed Pharms., Inc. v. Watson Labs., Inc.*, No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008) (dismissing a counterclaim containing a general allegation that the claims of the patent-in-suit were "invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq.*")*; Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.,* 609 F.3d 1308, 1322 (Fed. Cir. 2010) (noting that an allegation that "claims of the Patents are invalid for failure to comply with" the statutory requirements provides "little notice").

   "The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2*

*Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed Cir. 2006). The patent local rules provide "for a streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in [their] absence" and are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quotations and footnote omitted); *O2 Micro Int'l Ltd.*, 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

The premise behind the Patent Local Rules, however, is that the allegations regarding invalidity have already been properly pled. The filing of a complaint sets the cut-off date for the scope of a case. *See Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. C 09-05659, 2016 U.S. Dist. LEXIS 57533, at *6 (N.D. Cal. Apr. 29, 2016). Adding new grounds not pled through Patent Local Rules contentions amount to an improper supplement to the operative pleadings that entirely circumvent the Federal Rules governing such changes. *Id.* at *8 (adding allegations not identified in the complaint results in "unmanageability"). A new claim, not previously asserted, may only be added by an amendment to the complaint under Fed. R. Civ. P. 15, and subject to the requirements and limitations of that rule. *See Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. 16-10914-FDS, 2019 U.S. Dist. LEXIS 144109, at *5-6) (D. Mass. Aug. 23, 2019). Moreover, adding a new claim after the deadline set in the Case Management Order requires a showing of good cause. *See United States v. Safran Grp., S.A.*, Case No. 15-CV-00746-LHK, 2017 U.S. Dist. LEXIS 70985, at *13 (N.D. Cal. May 9, 2017). Here, the Plaintiffs have failed to provide even minimum notice of their invalidity case outside of patent eligibility and never alleged that their declaratory-judgment claims seeking invalidity ever went beyond § 101 eligibility. Plaintiffs have never sought leave to add additional invalidity grounds. As to invalidity

DEFENDANT VOIP-PAL.COM, INC.'S CONSOLIDATED MOTION TO STRIKE PLAINTIFFS' CONSOLIDATED INVALIDITY CONTENTIONS
Case Nos.: 5:20-CV-02397-LHK, 5:20-CV-02460-LHK, 5:20-CV-02995-LHK

6

theories not pled, their extraneous invalidity contentions unrelated to the case and outside their complaints should be struck.

## IV. ARGUMENT

### A.   Plaintiffs' Invalidity Contentions Should Be Struck Because Plaintiffs Failed To Plead Invalidity Under 35 U.S.C. §§ 102, 103, And 112.

Plaintiffs cannot legitimately dispute that they failed to plead invalidity under §§ 102, 103, and 112.  All of Plaintiffs' invalidity counts are focused on § 101 and merely state that the claims of the patents-in-suit are "invalid under at least 35 U.S.C. §101."  Not only do Plaintiffs' complaints fail to recite §§ 102, 103, and 112, but they also fail to recite any factual allegation necessary to state a plausible claim for invalidity under these sections.  A claim that neither refers to another statutory section specifically, nor tracks its language, nor makes factual allegations from which it could be reasonably inferred that a claim is intended does not support another claim under that other section. *Abiomed*, 2019 U.S. Dist. LEXIS 144109, at *5-6.  Indeed, Plaintiffs' case management statements fail to recite §§ 102, 103, and 112, thereby further showing that Plaintiffs had no intent to assert claims under these sections.  Under Fed. R. Civ. P. 8, Plaintiffs' complaints are plainly deficient as to these sections. *See Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 U.S. Dist. LEXIS 81986, at *18 (N.D. Cal. 2011) ("This bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal* and does not put defendants on notice of the basis of Xilinx's claims of invalidity."); *Qarbon.com*, 315 F. Supp. 2d at 1050 (citing *Grid Sys. Corp.*, 771 F. Supp. at 1042) (stating that a pleading that merely recites section numbers "is 'radically insufficient.'"); *see also Sliding Door*, 2013 U.S. Dist. LEXIS 71304, at *11-12.  "A new claim, not previously asserted, may only be added by an amendment to the counterclaim under Fed. R. Civ. P. 15, and subject to the requirements and limitations of that rule." *Abiomed*, 2019 U.S. Dist. LEXIS 144109, at *5-6.  Plaintiffs hiding the ball with regard to their invalidity counts is improper; Plaintiffs cannot assert new grounds for invalidity before receiving leave to amend their complaints to include the same. *See* Fed. R. Civ. P. 15(a)(2).  But as discussed

further below, Plaintiffs can no longer amend their complaints because the deadline for doing so under the Case Management Order has past.  Accordingly, Plaintiffs' Invalidity Contentions should be stricken as to grounds under §§ 102, 103, and 112 and not identified in their complaints.

### B.  Plaintiffs Cannot Show Diligence In Seeking Leave To Amend Their Pleadings To Add Claims For Invalidity Under 35 U.S.C. §§ 102, 103, And 112.

In the event that the Plaintiffs argue that their Invalidity Contentions should be construed as a belated motion for leave to amend their pleadings, they should not be indulged to circumvent both the Court's Case Management Order and Rule 15.  Where a party seeks leave to amend its pleadings after a deadline set in a case management order, Fed R. Civ. P. 16 governs and the party must show good cause and obtain the judge's consent to modify the deadline set by the Court.  *See* Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent."); *United States v. Safran Grp., S.A.*, Case No. 15-CV-00746-LHK, 2017 U.S. Dist. LEXIS 70985, at *13 (N.D. Cal. May 9, 2017); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir.1992) (cited by *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)).  "In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification."  *In Suk Kim v. Vilsack*, No. C 10-02101 CW, 2011 U.S. Dist. LEXIS 14122, at *1 (N.D. Cal. Feb. 3, 2011); *see also Coleman*, 232 F.3d at 1294.  "Where, as here, the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent."  *See Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010).

Here, the Court set September 22, 2020 as the last day to amend pleadings.  *See* Case No. 5:20-cv-2397-LHK, Dkt. No. 35; Case No. 5:20-cv-2460-LHK, Dkt. No. 42; Case No. 5:20-cv-2995-LHK, Dkt. No. 43.  Now over eight months later, without explanation for its delay, Plaintiffs assert invalidity under §§ 102, 103, and 112 for the first time.  Plaintiffs cannot show that they have been diligent in seeking leave to amend their complaints to assert invalidity on these grounds.  They have collectively failed to amend as a matter of right or to seek to amend with VoIP-Pal's written consent or to amend

with the Court's leave. Furthermore, Plaintiffs had ample opportunity to amend their complaints for the purpose of adding claims for invalidity under §§ 102, 103, and 112 by the September 22, 2020 deadline under the Court's Case Management Order but failed to do so. *See* Case Nos.; 5:20-cv-02397, Dkt. No. 35; Case No. 5:20-cv-02460, Dkt. No. 4; Case No. 5:20-cv-02995, Dkt. No. 43. Thus, Plaintiffs have no excuse for not amending their complaints to assert additional invalidity grounds.

In the 2016 and 2018 cases, Plaintiffs served consolidated invalidity contentions on VoIP-Pal on March 18, 2019. *See* Hudnell Decl. ¶¶ 3,4 (Exs. 2, 3). Comparing the 2019 invalidity contentions to the 2021 Invalidity Contentions, one can readily observe that almost all of the prior art cited in 2021 were in the 2019 invalidity contentions. *See* Hudnell Decl. ¶ 2 (Ex. 1). The previously served contentions, therefore, are a tacit admission that virtually every alleged prior art reference disclosed in the Invalidity Contentions was in Plaintiffs' possession for over two years. There is simply no legitimate reason that Plaintiffs could not have at least plead invalidity under §§ 102 and 103 based on these references in their original complaints or within the time periods for amending those complaints. Similarly, Plaintiffs have no legitimate excuse for failing to plead invalidity under § 112. Plaintiffs' contentions are based entirely on the claim language of the patents-in-suit, which Plaintiffs have had since the filing of their complaints. Nevertheless, Plaintiffs failed to plead invalidity counts under §§ 102, 103, and 112 in their original complaints and, in the case of Twitter and Apple, their amended declaratory-judgment complaints. As such, Plaintiffs cannot establish good cause to modify the Court's Case Management Order.

### C. Plaintiffs' New Contentions Unduly Prejudice VoIP-Pal.

Even under the more liberal Rule 15 standard, the Court should deny Plaintiffs leave to amend their complaints through their Invalidity Contentions. In the Ninth Circuit, the Court considers five factors when reviewing a decision whether to permit an amendment: (1) undue delay; (2) prejudice to the opposing party; (3) futility of the proposed amendment; (4) bad faith on the part of the plaintiffs; and

(5) whether the plaintiff has previously amended the complaint.  *See Ahlmeyer v. Nevada Sys. Of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  Although delay is not dispositive, it is relevant, "especially when no reason is given for the delay." *Id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996)).  In the present case, Plaintiffs have no legitimate justification for their delay in failing to plead invalidity under §§ 102, 103, and 112.  Furthermore, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Intern'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (cited in *Coleman*, 232 F.3d at 1295); *Slot Speaker Techs., Inc. v. Apple, Inc.*, Case No.13-cv-01161-HSG, 2017 U.S. Dist. LEXIS 161400, at *7 (N.D. Cal. Sep. 29, 2017) (denying leave to amend complaint and infringement contentions to assert new claim for willfulness where Plaintiff considerably delayed and was aware of the facts and legal theories giving rise to the amendments before the suit was filed).  Again, as explained above, virtually all of Plaintiffs' new invalidity theories have been available to them for over fourteen months.

Plaintiffs' proposed amendments would inflict undue prejudice on VoIP-Pal because they dramatically expand the scope of these cases.  For over a year now, VoIP-Pal treated these cases as concerning invalidity only under § 101.  VoIP-Pal had no notice that Plaintiffs intended to pursue invalidity on any other grounds.  Consequently, VoIP-Pal has prepared several pleadings and disclosures, including for example its response to the complaints and its P.R. 4-1 disclosure, with the understanding that Plaintiffs were pursuing invalidity only under § 101.  If Plaintiff unpled contentions are allowed to stand, then VoIP-Pal will have to reassess its claim construction and other litigation positions in light of the new invalidity grounds introduced by Plaintiffs.  Not only will Plaintiffs' belated amendments force VoIP-Pal to change its litigation strategy well into the case, but VoIP-Pal will be

saddled with the unexpected burden of having to devote additional costs and resources defends its patents against additional invalidity grounds that were never pled.  Additionally, VoIP-Pal has granted Plaintiffs a covenant not to sue on the patents-in-suit and moved to dismiss these cases for lack of subject-matter jurisdiction.  *See* Case No. 5:20-cv-2397-LHK, Dkt. No. 66; Case No. 5:20-cv-2460-LHK, Dkt. No. 80; Case No. 5:20-cv-2995-LHK, Dkt. No. 76.  VoIP-Pal has also requested that the Court order that the parties bear their own attorney's fees, expenses, and costs.  *Id.*  If the Court grants VoIP-Pal's motion but denies VoIP-Pal's request that the parties bear their own attorney's fees, then Plaintiffs will almost certainly seek to recover their fees for preparing their improper contentions. Plaintiffs' deliberate choice to continue to incur attorney's fees in light of the posture of these cases should not be held against VoIP-Pal.  *See Total Rebuild, Inc. v. PHC Fluid Power, L.L.C.*, Case No. 6:15-CV-1855, 2019 U.S. Dist. LEXIS 195216, at *21 (W.D. La. Nov. 8, 2019).  Based on the prejudice and delay factors alone, the Court should not grant Plaintiffs leave to amend their complaint.  But the other three factors also support denying leave.

Plaintiffs' claims of invalidity under §§ 102, 103, and 112 are futile.  As discussed above, Plaintiffs were not diligent in asserting these grounds and could have presented them in their original complaints.  Therefore, Plaintiffs cannot meet the good cause standard to amend the Court's Case Management Order.  Plaintiffs also have opposed VoIP-Pal's request to stay the case management deadlines.  *See* Case No. 5:20-cv-2397-LHK, Dkt. Nos. 53 at 6, 55 at 1; Case No. 5:20-cv-2460-LHK, Dkt. Nos. 64 at 6, 68 at 1; Case No. 5:20-cv-2995-LHK, Dkt. Nos. 65 at 6, 69 at 1.  Plaintiffs should not be allowed to seek modification of the pleadings amendment deadline that they missed over eight months ago when they have opposed subsequent modifications to the schedule.

The bad faith inquiry further supports denying leave to amend.  Effectively Plaintiffs are trying to sneak new invalidity claims into the case through the backdoor of their Invalidity Contentions.  These attempts may reflect bad faith.  *See Richtek*, 2016 U.S. Dist. LEXIS 57533, at *6.

Finally, both Twitter and Apple have already amended their original complaints to assert additional invalidity grounds.  Twitter amended its complaint to assert invalidity of the '606 patent under § 101 and Apple amended its complaint to assert invalidity of the '872 patent under § 101.  *See* Case No. 5:20-CV-02397, Dkt. No. 29 at ¶¶ 41-46; Case No. 5:20-CV-02460, Dkt. No. 10.   Thus, Twitter and Apple have even less of an excuse for not raising the §§ 102, 103, and 112 grounds sooner.

Accordingly, each factor under the more liberal Rule 15 standard supports denying Plaintiffs leave to amend to assert additional invalidity grounds.

## V.  CONCLUSION

In conclusion, Plaintiffs failed to timely plead invalidity under §§ 102, 103, and 112. Accordingly, Plaintiffs' Invalidity Contentions as they pertain to these grounds should be struck.


Dated:      June 17, 2021                Respectfully submitted,


                                         */s/ Lewis E. Hudnell, III*
                                         Lewis E. Hudnell, III (CASBN 218736)
                                         lewis@hudnelllaw.com
                                         Nicolas S. Gikkas (CASBN 189452)
                                         nick@hudnelllaw.com
                                         HUDNELL LAW GROUP P.C.
                                         800 W. El Camino Real Suite 180
                                         Mountain View, California 94040
                                         T: 650.564.3698
                                         F: 347.772.3034


                                         Attorneys for Defendant
                                         VOIP-PAL.COM, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing **DEFENDANT VOIP-PAL.COM, INC.'S CONSOLIDATED MOTION TO STRIKE PLAINTIFFS' CONSOLIDATED INVALIDITY CONTENTIONS** via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 17th day of June, 2021.

By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III