# EXHIBIT 1

PERKINS COIE LLP
Sarah Fowler (Bar No. 264838)
Amisha Manek (Bar No. 305163)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
SFowler@perkinscoie.com
AManek@perkinscoie.com

PERKINS COIE LLP
Gene W. Lee (*pro hac vice*)
Thomas Matthew (*pro hac vice*)
1155 Avenue of the Americas, 22nd floor
New York, NY 10112-0015
Telephone: (212) 262-6900
GLee@perkinscoie.com
TMatthew@perkinscoie.com

*Attorneys for Plaintiff Twitter, Inc.*

*[Additional Counsel Listed On Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>VOIP-PAL.COM, INC.,<br><br>                    Defendant. | Case No. 5:20-cv-02397-LHK<br><br>**PLAINTIFFS' PATENT LOCAL RULE 3-3 AND 3-4 INVALIDITY CONTENTIONS**<br><br>**CONFIDENTIAL - OUTSIDE COUNSEL ONLY** |

APPLE INC.

        Plaintiff,

     v.

VOIP-PAL.COM, INC.

       Defendant.

Case No. 5:20-cv-02460-LHK

AT&T CORP., AT&T SERVICES, INC.,
AND AT&T MOBILITY LLC,

        Plaintiffs,

     v.

 VOIP-PAL.COM, INC.,

       Defendant.

Case No. 5:20-cv-02995-LHK

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ......................................................................................................... 4

    A.      The Patents-in-Suit ................................................................................... 4
    B.      Priority Dates Of The Patents-In-Suit ..................................................... 4

III.    INVALIDITY OF THE PATENTS-IN-SUIT UNDER 35 U.S.C. §§ 102 AND 103 ........ 4

    A.      Systems ..................................................................................................... 7
    B.      Patents And Patent Publications ............................................................ 15

IV.     INVALIDITY OF THE CLAIMS UNDER 35 U.S.C. § 101 FOR BEING
        DIRECTED TO PATENT-INELIGIBLE SUBJECT MATTER .................................... 16

V.      INVALIDITY OF THE CLAIMS UNDER 35 U.S.C. § 112 FOR LACK OF
        WRITTEN DESCRIPTION AND/OR ENABLEMENT ............................................... 17

    A.      The '606 Patent ...................................................................................... 18
    B.      The '872 Patent ...................................................................................... 18

VI.     INVALIDITY OF THE CLAIMS UNDER 35 U.S.C. § 112 FOR
        INDEFINITENESS ..................................................................................................... 18

    A.      The '606 Patent ...................................................................................... 19
    B.      The '872 Patent ...................................................................................... 20

VII.    DOCUMENT PRODUCTION ................................................................................... 21

## I.    INTRODUCTION

Pursuant to Patent L.R. 3-3 and 3-4, and the Court's February 25, 2021 Case Management Order (*e.g.*, Case No. 5:20-cv-02460 ECF No. 69), Plaintiffs Twitter, Inc. ("Twitter"), Apple Inc. ("Apple"), and AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC ("AT&T") (collectively, "Plaintiffs") hereby provide the following Invalidity Contentions to Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") for U.S. Patent Nos. 10,218,606 and 9,935,872 (respectively, the "'606 Patent" and the "'872 Patent"; collectively, the "Patents-in-Suit").  Plaintiffs reserve the right to supplement or modify these Contentions, consistent with Patent Local Rule 3-6.

At least claims 1, 8, 14, and 15 of the '606 patent and claim 30 of the '872 patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.  Plaintiffs reserve the right to contend and prove that additional claims of the Patents-in-Suit are invalid if the Court allows VoIP-Pal to provide Patent L.R. 3-1 and/or 3-2 disclosures or any other infringement contentions in this case, or if VoIP-Pal at any time, in any proceeding, contends that any Plaintiff infringes such additional claims.

Plaintiffs' Invalidity Contentions are based on the facts and information available as of the date of these Contentions.  Plaintiffs take no position on any matter of claim construction in these Contentions.  Any statement herein describing or tending to describe any claim element is provided solely for purposes of understanding the relevant prior art.  Plaintiffs expressly reserve the right to propose any claim construction they consider appropriate and/or to contest any claim construction they consider inappropriate.  Plaintiffs further reserve the right to interpret these terms differently over the course of the litigation, and do not adopt any interpretations impliedly or expressly put forth in these Contentions.  Accordingly, Plaintiffs' Contentions, including the attached invalidity claim charts, may reflect alternative positions as to claim construction and scope.  Plaintiffs reserve the right to supplement, without prejudice, these Contentions as appropriate depending upon the Court's construction of any claim term in the Patents-in-Suit, any findings as to the priority date of the Patents-in-Suit, and any positions that VoIP-Pal or its expert witnesses may take concerning claim interpretation, or invalidity issues.  Nothing in this document should be construed as an admission that any claim of either Patent-in-Suit is valid, enforceable, or infringed.  Plaintiffs' Contentions should not be interpreted to rely upon, or in any way affect, the non-infringement arguments

1   Plaintiffs may make in this case.

2          Further, discovery is not complete in this matter.  Plaintiffs therefore have not yet completed

3   their investigation, discovery, or analysis of matters relating to the invalidity of the Patents-in-Suit,

4   including without limitation invalidity due to on-sale or public use statutory bars.  In addition,

5   Plaintiffs' search for prior art is ongoing.  Plaintiffs reserve the right to amend, modify, and

6   supplement, without prejudice, these Contentions as additional information is discovered or

7   otherwise identified or appreciated, including testimony provided about the scope and content of the

8   claimed inventions or the state of the prior art.  Additionally, because third-party discovery is not

9   yet complete, Plaintiffs reserve the right to present additional items of prior art located during the

10  course of such discovery or further investigation, and to assert contentions of invalidity to the extent

11  that such discovery or investigation yields information forming the basis for such contentions of

12  invalidity.  For example, Plaintiffs may issue subpoenas in the course of discovery to third parties

13  believed to have knowledge, documentation, and/or corroborating evidence concerning some of the

14  prior art listed below and/or additional prior art.  These third parties may include, without limitation,

15  the authors, inventors, developers, designers, or assignees of the references and systems listed in

16  these disclosures.

17         The accompanying invalidity claim charts contain specific examples of prior art references,

18  patents, knowledge, inventions, uses, sales, methods, and/or systems that included and/or disclosed,

19  either expressly or inherently, each limitation of certain claims and/or examples of prior art

20  references and systems in view of which a person of ordinary skill in the art would have considered

21  each limitation and the claimed combination of such limitations obvious.  Plaintiffs have endeavored

22  to identify relevant portions and/or features of the identified prior art.  The identified prior art,

23  however, may contain additional descriptions of or alternative support for the claim limitations.

24  Plaintiffs may rely on un-cited portions or features of the identified prior art, other documents, and

25  expert testimony to provide context or to aid in understanding the identified prior art.  Where

26  Plaintiffs cite to a particular figure in a reference, the citation should be understood to encompass

27  the caption and description of the figure and any text relating to the figure.  Similarly, where

28  Plaintiffs cite to particular text referring to a figure, the citation should be understood to include the

1   figure and caption as well.

2          Plaintiffs further intend to rely on inventor admissions concerning the scope of the asserted

3   claims, and prior art relevant to the asserted claims, found in: the Patents-in-Suit, the prosecution

4   histories of the Patents-in-Suit, and related patents and/or patent applications; any deposition

5   testimony of any inventor of either Patent-in-Suit; any previous trial testimony of any inventor of

6   either Patent-in-Suit; and any papers filed or any evidence produced or submitted by VoIP-Pal or

7   its affiliates in connection with these litigations, or any other litigation, related to either Patent-in-

8   Suit and/or any related patents.

9          Prior art not included in these contentions, whether known or not known to Plaintiffs, may

10  become relevant.  In particular, Plaintiffs are currently unaware of the extent, if any, to which VoIP-

11  Pal will contend that limitations of the claims are not disclosed in the prior art identified by Plaintiffs.

12  Plaintiffs reserve the right to identify additional references that would render obvious the allegedly

13  missing limitation(s) of the disclosed device or method.  Discovery is ongoing, and Plaintiffs have

14  not yet completed their search for and analysis of relevant prior art. Thus, Plaintiffs reserve the right

15  to revise, amend, and/or supplement the information provided herein, including identifying,

16  charting, and relying on additional references, should Plaintiffs' further search and analysis yield

17  additional information or references, consistent with the Patent Local Rules and the Federal Rules

18  of Civil Procedure.

19         Prior art patents or publications included in these Contentions may be related (*e.g.*, as a

20  divisional, continuation, continuation-in-part, parent, child, or other relation or claim of priority) to

21  earlier or later filed patents or publications, may have counterparts filed in other jurisdictions, or

22  may incorporate (or be incorporated by) other patents or publications by reference.  The listed

23  patents or publications are intended to be representative of these other patents or publications, to the

24  extent they exist.  Accordingly, Plaintiffs reserve the right to modify, amend, and/or supplement

25  these contentions with these related patents or publications, as well as other prior art references,

26  upon further investigation.

27

28

## II.      BACKGROUND

### A.      The Patents-in-Suit

| TABLE 1 | |
|---|---|
| **Patent** | **Claims Addressed In The Claim Charts Accompanying These Invalidity Contentions** |
| '606 Patent | 1, 8, 14, 15 |
| '872 Patent | 30 |

### B.      Priority Dates Of The Patents-In-Suit

Plaintiffs contend that neither of the Patents-in-Suit are entitled to a priority date earlier than November 1, 2007, the filing date of the first non-provisional application, PCT/CA2007/001956,[1] which is the same for both Patents-in-Suit.  Both Patents-in-Suit also cite to provisional application No. 60/856,212, filed on November 2, 2006.  But "the disclosure of the provisional application" does not "provide[] support for the claims . . . in compliance with § 112, ¶ 1" and therefore the Patents-in-Suit are not "entitled to claim the benefit of the filing date" of the provisional application. *See Dynamic Drinkware v. Nat'l Graphics Inc.*, 800 F.3d 1375, 1381 (Fed. Cir. 2015).

To the extent that VoIP-Pal contends that either of the Patents-in-Suit is entitled to an earlier priority date, Plaintiffs reserve the right to supplement or modify these Contentions in order to address any such contention.

## III.      INVALIDITY OF THE PATENTS-IN-SUIT UNDER 35 U.S.C. §§ 102 AND 103

Each of the Patents-in-Suit is invalid at least under 35 U.S.C. § 102, including subsections 102(a), 102(b), 102(e), and 102(g), and/or 35 U.S.C. § 103 as set forth in the attached Exhibits A-1–B-13.[2]  Pursuant to Patent L.R. 3-3 and 3-4, and the Court's February 25, 2021 Case Management Order (*e.g.*, Case No. 5:20-cv-02460 ECF No. 69), Plaintiffs identify herein prior art patents, publications, disclosures, products/devices/systems, and uses that anticipate or render obvious the Patents-in-Suit under 35 U.S.C. §§ 102 or 103.  Plaintiffs reserve the right to rely on other references

---

[1] Plaintiffs contend that application PCT/CA2007/001956 fails to provide adequate support for the full scope of the Patents-in-Suit, but uses the filing date of application PCT/CA2007/001956 for purposes of these Contentions.

[2] Exhibits with numbers starting with "A" correspond to invalidity charts for the '606 Patent; exhibits with numbers starting with "B" correspond to invalidity charts for the '872 Patent.

disclosed or incorporated by reference in these Contentions, in the prior art identified below, in the Patents-in-Suit or any related patents, in the file histories of the Patents-in-Suit or any related patents, and in the attached exhibits.

Plaintiffs' detailed contentions as to how each identified prior art reference anticipates and/or renders obvious claims 1, 8, 14, and 15 of the '606 Patent and claim 30 of the '872 Patent are set forth in claim chart form as attached Exhibits A-1–B-13.  Plaintiffs' claim charts may disclose multiple theories of invalidity in a single chart.  Each chart directed to an anticipatory product/system also discloses how the product/system alone in light of knowledge and skill in the art, or in light of other references, renders each of the claims obvious.  Additionally, each chart directed to an anticipatory patent or publication also discloses how that reference in combination with one or more other references renders each claim obvious.  Any prior art disclosed as anticipating a limitation also at least renders that limitation obvious.

Additionally, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Numerous prior art references, including those identified herein, cited on the face of the Patents-in-Suit, and in the attached exhibits, reflect common knowledge and the state, scope, and content of the prior art before the priority date of the claims.  Plaintiffs may rely on such references and on expert testimony to demonstrate the general state of the art at the time of the alleged inventions and what one of ordinary skill in the art would have understood at a time prior to the date of the alleged inventions, and to provide background and context pertinent to the teachings in, and interpretation of, the prior art referenced by the attached claim charts.

In general, a claimed invention is invalid due to obviousness "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art."  35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1, 13-14 (1966).  The ultimate determination of whether an invention is or is not obvious is a legal conclusion based on underlying factual inquiries including: "(1) the scope and content of the prior art; (2) the differences between the prior art and the claims; (3) the level of ordinary skill in the art at the time of invention; and (4)

objective evidence of nonobviousness." *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 877 (Fed. Cir. 1993); *see Graham*, 383 U.S. at 17-18.  The U.S. Supreme Court decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1739 (2007) reaffirmed *Graham*, but further held that a claimed invention can be obvious even if there is no explicit teaching, suggestion, or motivation for combining the prior art to produce that invention.

To the extent that any claim limitation is not anticipated pursuant to 35 U.S.C. § 102, Plaintiffs contend that any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art under 35 U.S.C. § 103.  Each claim would have been obvious in view of each reference cited in Exhibits A-1–B-13 either alone or combined with the knowledge that was possessed by one of ordinary skill in the art.  Additionally, each claim would have been obvious to one of ordinary skill in the art in view of the combination of any one of the prior art references identified in Exhibits A-1–B-13 with one or more of the other references identified in the tables below.

In particular, those of ordinary skill in the art at the time of the alleged invention of the Patents-in-Suit would have been motivated to modify or combine the prior art references set forth herein at least because:  (a) the references in general deal with the same or related subject matter; (b) one of ordinary skill in the art would have been motivated by the problem that the inventor was attempting to solve, or with other problems that would have been faced in reaching a solution, and would have looked to references that concerned similar issues or taught how to overcome the problems faced; (c) the combinations were obvious to try and would have operated in their known and expected way; (d) the combinations were within the technical skill and understanding of a person of ordinary skill in the art; (e) the combinations would have been motivated by the developments in technology; and (f) the combinations reflect various design choices that would have been known to one of ordinary skill in the art and within that person's technical capability to implement (*i.e.*, technically feasible).

The various motivations described above provide a basis for combining or modifying references, as detailed below, to render each of the claims obvious.  In addition, the Court can

consider the inferences and creative steps a person of ordinary skill in the art would employ in making such combinations.  See *KSR*, 127 S. Ct. at 1741 ("[A] court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ").

Plaintiffs have identified a non-exhaustive list of one or more potential combinations that would render each of the claims obvious in the claim charts identified by exhibit number in the table below.  Specifically, Plaintiffs contend that the following references anticipate or render obvious the claims (alone, or in combination with other references as set forth in detail in each claim chart):

**A.      Systems**

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| **Exhibit Nos.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| A-1, B-1 | Cisco Call Manager | 2001 | *System Description for the Cisco Communications Network* | January 1999 | DEFCOMMON00050756 |
| | | | David Bateman, *Configuring CallManager and Unity: A Step-by-Step Guide* | June 2005 | DEFCOMMON00049303 |
| | | | *Cisco IP Telephony Network Design Guide* | December 2000 | DEFCOMMON00008286 |
| | | | Dave Corley, *Distributed Enterprise Call Processing/Call Control Server (Cisco CallManager version 3.1 product* | September 13, 2000 | Cisco-VoIP Pal00000432 |

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| Exhibit Nos. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | *requirements document)* | | |
| | | | *Cisco CallManager Service Enterprise Parameters for Parche Interface Specification* | September 19, 2003 | Cisco-VoIP Pal00000475 |
| | | | Chu-shen Liu & Jessie Chang, *Cisco CallManager/IOS Gateway System Test Plan— Centralized Call Processing Deployment Model* | September 2, 2000 | Cisco-VoIP Pal00000503 |
| | | | John Restrick, *CallManager Architecture Overview, January 21, 2007* | January 21, 2007 | Cisc-VoIP Pal00000594 |
| | | | Marc Ayres et al., *Seadragon – GA Product Requirements Document* | May 2004 | Cisco-VoIP Pal00000683 |
| | | | Chris Pearce et al., *Cisco CallManager Fundamentals*, 1st edition | July 2001 | Cisco-VoIP Pal00000807 |

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| Exhibit Nos. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | Chris Pearce et al., *Cisco CallManager Fundamentals*, 2d edition | September 2005 | Cisco-VoIP Pal00000808 |
| | | | Salvator Collora et al., *CallManager Best Practices* | June 2004 | Cisco-VoIP Pal00000809 |
| | | | Alexander et al., *Cisco CallManager* | 2001 | DEFCOMMON000 57483 |
| A-2, B-2 | Vonage | November 6, 2004 | Vonage Holdings Corporation Petition for Declaratory Ruling Concerning an Order of the Minnesota Public Utilities Commission, WC 03-211 | September 22, 2003 | DEFCOMMON000 56739 |
| | | | Letter from William B. Wilhelm, Jr., Counsel for Vonage, to Marlene H. Dortch, Secretary, FCC, WC Docket No. 03-211 | October 1, 2004 | DEFCOMMON000 56881 |
| | | | FCC *In the Matter of Vonage* | November 12, 2004 | DEFCOMMON000 56698 |

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| Exhibit Nos. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | *Holdings Corporation* WC Docket No. 03-211 | | |
| | | | Vonage Holdings Corporation 2006 10-K form | April 17, 2007 | DEFCOMMON000 56556 |
| | | | Vonage 311, *Vonage*, http://www.von age.com/no_flas h/features.php?f eature=311, accessed through Internet Archive https://web.arch ive.org/web/200 41106104957/ht tp://www.vonag e.com/no_flash/ features.php?fea ture=311 | November 6, 2004 | DEFCOMMON000 57084 |
| | | | 7-Digit Dialing, *Vonage*, http://www.von age.com/no_flas h/features.php?f eature=7_digit_ dialing, accessed through Internet Archive https://web.arch ive.org/web/200 41106111944/ht tp://www.vonag | November 6, 2004 | DEFCOMMON000 57083 |

| | | | TABLE 2 | | |
|---|---|---|---|---|---|
| Exhibit Nos. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | e.com/no_flash/ fea- tures.php?featur e=7_digit_diali ng | | |
| | | | Free Calling, *Vonage*, http://www.von age.com/no_flas h/features.php?f eature=subscrib er_to_subscribe r, accessed through Internet Archive https://web.arch ive.org/web/200 41106111944/ht tp://www.vonag e.com/no_flash/ features.php?fea ture=subscriber _to_subscriber | November 6, 2004 | DEFCOMMON000 57088 |
| | | | 3-Way Calling, *Vonage*, http://www.von age.com/no_flas h/features.php?f eature=3_way_ calling, accessed through Internet Archive https://web.arch ive.org/web/200 41106110500/ht tp://www.vonag e.com/no_flash/ features.php?fea | November 6, 2004 | DEFCOMMON000 57082 |

| | | | TABLE 2 | | |
|---|---|---|---|---|---|
| **Exhibit Nos.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | ture=3_way_calling | | |
| | | | U.S. Patent No. 7,453,990 | Filed June 22, 2004; issued November 18, 2008 | DEFCOMMON00056544 |
| | | | Digifonica Partner Program Guide Spring 2005 | Spring 2005 | DEFCOMMON00058237 |
| | | | Opinion, *Mayor And City Council Of Baltimore v. Vonage America Inc.*, Case No. 1:07-cv-00320-JFM (D. Md.) | April 16, 2008 | DEFCOMMON00058238 |
| | | | Deposition of Jose Martinez, September 25, 2007, *Mayor And City Council Of Baltimore v. Vonage America Inc.*, Case No. 1:07-cv-00320-JFM (D. Md.) | April 16, 2008 | DEFCOMMON00058271 |
| | | | Brief for Defendants-Appellants, *Verizon Services Corp.* | filed May 9, 2007 | DEFCOMMON00058296 |

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| **Exhibit Nos.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | *v. Vonage Holdings Corp.*, Appeal Nos. 2007-1240; -1251; -1274, (Fed. Cir.) | | |
| A-3, B-3 | BroadWorks | April 2005 | BroadSoft Product Overview PowerPoint (March 2002) | March 2002 | Cisco-VoIP Pal00004871 |
| | | | BroadWorks Product Specification, Release 4 (May 2001) | May 2001 | Cisco-VoIP Pal00004872 |
| | | | BroadWorks Network Server Product Description Release 13 | 2005 | Cisco-VoIP Pal00004884 |
| | | | BroadWorks SIP Network Interface Interworking Guide Release 13.0 | 2005 | Cisco-VoIP Pal00004870 |
| | | | BroadWorks SIP Network Interface Interworking Guide Release 12.0 | 2005 | Cisco-VoIP Pal00004882 |
| | | | BroadWorks Special Call Types Routing | 2005 | Cisco-VoIP Pal00004879 |

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| Exhibit Nos. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | Guide Release 13 | | |
| | | | Private Dial Plans - VoiceVPN Functional & Design Specifications | 2001 | Cisco-VoIP Pal00004883 |
| | | | Enhanced OCP (NCOS) Functional Specification | 2002 | Cisco-VoIP Pal00004880 |
| | | | 147-168 Outgoing Calling Plan | 2001 | Cisco-VoIP Pal00004876 |
| | | | Speed Dial Functional Specification | 2001 | Cisco-VoIP Pal00004875 |
| | | | BroadWorks Functional Specification, Network Server, Release 6 | 2001 | Cisco-VoIP Pal00004881 |
| | | | BroadWorks Release 12 Bulletin | May 2005 | Cisco-VoIP Pal00000821 |
| | | | BroadWorks Release 13 Bulletin | December 2006 | Cisco-VoIP Pal00004878 |
| | | | Basic Call Processing: Feature Specification Document, | February 2000 | Cisco-VoIP Pal00004874 |

| TABLE 2 | | | | | |
|---|---|---|---|---|---|
| **Exhibit Nos.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | Release 2.0 (Feb. 2000) | | |
| | | | Product Overview Guide Release 13 | 2007 | Cisco-VoIP Pal00004877 |
| | | | BroadWorks Feature Overview (through Release 13.0) | November 2006 | Cisco-VoIP Pal00004873 |
| | | | BroadWorks Feature Overview (through Release 12) | March 2005 | Cisco-VoIP Pal00000823 |

**B.    Patents And Patent Publications**

| TABLE 3 | | | | | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Abbreviated Name** | **Patent or Publication No.** | **Country of Origin** | **Filing Date** | **Date of Issue or Publication** | **Production Number** |
| A-4, B-4 | Al Hakim | 6,954,455 | United States | 4/2/2001 | 10/11/2005 | DEFCOMMON00017556 |
| A-5, B-5 | Alfke | 7,765,263 | United States | 12/19/2003 | 7/27/2010 | DEFCOMMON00018753 |
| A-6, B-6 | Alfke '136 | 7,836,136 | United States | 7/31/2006 | 11/16/2010 | DEFCOMMON00018840 |

| TABLE 3 | | | | | | |
|---|---|---|---|---|---|---|
| Exhibit No. | Abbreviated Name | Patent or Publication No. | Country of Origin | Filing Date | Date of Issue or Publication | Production Number |
| A-7, B-7 | Fellingham[3] | 6,292,553 | United States | 5/20/1998 | 9/18/2001 | DEFCOMMON00015244 |
| A-8, B-8 | Mermel | 7,016,343 | United States | 12/28/2001 | 3/21/2006 | DEFCOMMON00017612 |
| A-9, B-9 | Nadeau | 6,240,449 | United States | 11/2/1998 | 5/29/2001 | DEFCOMMON00015139 |
| A-10, B-10 | Pearce | 7,359,368 | United States | 5/25/2000 | 4/15/2008 | DEFCOMMON00018361 |
| A-11, B-11 | Duffy | WO2000069156 | United States | 5/12/2000 | 11/16/2000 | DEFCOMMON00021112 |
| | Chang | 03/0095541 | United States | 3/4/2002 | 5/22/2003 | DEFCOMMON00019562 |
| A-12, B-12 | Fisher | 2004/0218748 | United States | 12/23/2003 | 11/4/2004 | DEFCOMMON00014725 |
| A-13, B-13 | Brongo | WO20030028355 | Canada | 9/24/2001 | 4/3/2003 | DEFCOMMON00021232 |
| | Hurd | 5,923,745 | United States | 2/28/1997 | 7/13/1999 | DEFCOMMON00058259 |

## IV.   INVALIDITY OF THE CLAIMS UNDER 35 U.S.C. § 101 FOR BEING DIRECTED TO PATENT-INELIGIBLE SUBJECT MATTER

All of the claims of the Patents-in-Suit are invalid under 35 U.S.C. § 101 for claiming ineligible subject matter.  The claims of the '606 and '872 Patents are directed to, for example, the abstract idea of routing a communication based on characteristics of the participants—an idea that this Court held was abstract in analyzing several representative claims of four related patents.

---

[3] On information and belief, AT&T created a system implementing the functionality described in Fellingham (U.S. Pat. No. 6,292,553).  Plaintiffs expressly reserve the right to rely on any potential AT&T system art as an alternative and/or different reference from Fellingham (U.S. Pat. No. 6,292,553).

V.     **INVALIDITY OF THE CLAIMS UNDER 35 U.S.C. § 112 FOR LACK OF WRITTEN DESCRIPTION AND/OR ENABLEMENT**

The specifications of the Patents-in-Suit do not provide adequate written description to support any reasonably understood scope of the claims.[4]  35 U.S.C. § 112 ¶ 1[5] requires that the specification contain "a written description of the invention."  To fulfill the written description requirement, the specification "must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed."  *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (citation omitted).  To satisfy the written description requirement, "the applicant must 'convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention,' and demonstrate that by disclosure in the specification of the patent."  *Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.*, 541 F.3d 1115, 1122 (Fed. Cir. 2008) (quoting *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991)).  The Patents-in-Suit do not meet that requirement.[6]

Additionally, the specifications of the Patents-in-Suit do not enable their claims.[7]  Title 35 U.S.C. § 112 ¶ 1 requires the specification to describe "the manner and process of making and using [the invention], in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains … to make and use the [invention]."  The enablement requirement is separate from and in addition to the written description requirement.  *Ariad*, 598 F.3d at 1344.  This "requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation."  *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003) (citation omitted); *see Wyeth & Cordis Corp. v. Abbott Laboratories*, 720 F.3d 1380 (Fed. Cir. 2013).  The Patents-in-Suit do not meet that requirement.

---

[4]  This is also true of the original application(s) that gave rise to the Patents-in-Suit.  For ease of reference, Plaintiffs refer only to the issued specifications.

[5]  Because the original application(s) that gave rise to the Patents-in-Suit were filed prior to September 16, 2012, Plaintiffs apply pre-AIA 35 U.S.C. § 112 ¶ 1 here.  However, to the extent that any other form of the patent statute (*e.g.*, post-AIA) regarding invalidity for indefiniteness, non-enablement, or lack of written description applies, Plaintiffs' Contentions and analysis equally apply.

[6]  Nor does any provisional application to which the Patents-in-Suit claim priority meet either of the enablement or written description requirements.

[7]  This is also true of the original application(s) that gave rise to the Patents-in-Suit.  For ease of reference, Plaintiffs refer only to the issued specification.

The Patents-in-Suit fail to satisfy the written description and enablement requirements due to at least the following claim language or limitations:

**A.**      **The '606 Patent**

    1.   "call controller"

- Invalidates at least claim 8.
- The '606 Patent does not demonstrate possession of, or enable skilled artisans to practice the "call controller" limitation.  Neither the claims nor the specification define a call controller.

**B.**      **The '872 Patent**

    1.   "determine whether the communication initiated from the first participant device to the second participant device should be allowed to proceed"/"determined not to be allowed to proceed"

- Invalidates at least claim 30.
- The '872 Patent does not demonstrate possession of, or enable skilled artisans to practice the "determine whether the communication initiated from the first participant device to the second participant device should be allowed to proceed"/"determined not to be allowed to proceed" limitations. The patent does not provide information on how to determine whether a communication should be allowed to proceed.

To the extent the Court permits VoIP-Pal to provide infringement contentions at a later time, Plaintiffs reserve the right to modify or supplement their Contentions regarding invalidity of the claims under 35 U.S.C. § 112 for lack of written description and/or enablement to respond to any claim scope alleged or implied by such contentions.

## VI.      INVALIDITY OF THE CLAIMS UNDER 35 U.S.C. § 112 FOR INDEFINITENESS

The claims of the Patents-in-Suit are invalid for failing to comply with the definiteness requirement of 35 U.S.C. § 112.  Plaintiffs note that their charting of a prior art reference for a claim or limitation that Plaintiffs contend is invalid for lack of definiteness in no way represents an admission or concession that the scope of the claim or limitation is definite or ascertainable.

Title 35 U.S.C. § 112 ¶ 2 requires that a patent claim "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention."  Claim terms that fail to inform those skilled in the art "with reasonable certainty . . . about the scope of the invention" fail the definiteness requirement of § 112 ¶ 2.  *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014).

The claims are invalid as indefinite for at least the reasons described below:

## A. The '606 Patent

1. "first and second network elements"/"first network element"/"second network element"

   - Invalidates at least claims 1, 8, 14, and 15.
   - The '606 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the above terms related to "first" and "second" "network elements."  Neither the claims nor the specification define a first or second network element, and neither the claims nor the specification provide what qualities a "network element" must have in order to be a "first" or "second" "network element."  Further, the claims list "first and second network elements" as separate claim elements, while simultaneously claiming that the "second network element" may be "determined to be the same as the first network element" or "determined not to be the same as the first network element."

2. "the at least one network element"

   - Invalidates at least claim 8.
   - The '606 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "the at least one network element."  In addition to the reasons stated in Number 1 above, "the at least one network element" lacks antecedent basis.

3. "at least one processor"/"the at least one processor"

   - Invalidates at least claims 1, 8, 14, and 15.

- The '606 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the terms "at least one processor"/"the at least one processor." The '606 patent claims "at least one processor" and particular actions taken by "the at least one processor." Neither the claims nor the specification inform those skilled in the art with reasonable certainty whether any action(s) taken by "the at least one processor" can or must be taken by the same processor(s), different processors, or any particular processor(s).

4. "call controller"

- Invalidates at least claim 8.
- The '606 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "call controller." Neither the claims nor the specification define a call controller.

**B.    The '872 Patent**

1. "network element(s)"/"first and second network elements"/"first network element"/"second network element"

- Invalidates at least claim 30.
- The '872 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the above terms related to "network element(s)." Neither the claims nor the specification define a first, second, or any network element, and neither the claims nor the specification provide what qualities any particular "network element" must have in order to be a "first," "second," or any other "network element." Further, the claim recites that "the first and second participants" are "registered . . . to access communication services through first and second network elements of the system, respectively," while simultaneously claiming that "the second participant" may be "determined to be registered to access communication services at the same network element as the first participant" and may be "determined not to be registered to access

communication services at the same network element as the first participant."

2. Additionally, claim 30 is invalid for claiming both an apparatus and a method.  For example, claim 30 recites an apparatus, a "communications system comprising a plurality of Internet-connected network elements" with multiple structural limitations, as well as requiring a method step subject to temporal limitations: "if the communication is allowed to proceed, to produce a new second participant identifier . . . determine, based on the new second participant identifier, whether the second participant is registered to access communication services at the same network element as the first participant . . . when the second participant is determined to be registered to access communication services at the same network element as the first participant, produce a routing message identifying a first Internet address associated with the first network element, to cause the communication to be established. . . when the second participant is determined not to be registered to access communication services at the same network element as the first participant, produce a routing message identifying a second Internet address associated with the second network element, causing the communication to be established . . . ."

## VII.   DOCUMENT PRODUCTION

Pursuant to Patent L.R. 3-4(b), Plaintiffs state that copies of printed public prior art are being produced concurrently with service of these contentions.

Plaintiffs are not concurrently producing documents described in Patent L.R. 3-4(a) or (d), "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart," and "documents sufficient to show the sales, revenue, cost, and profits for accused instrumentalities identified pursuant to Patent L.R. 3-1(b)."  VoIP-Pal has not provided any Patent L.R. 3-1(b) or (c) disclosures. Plaintiffs will produce documents pursuant to Patent L.R. 3-4(a) and (d) if the Court allows VoIP-Pal to provide Patent L.R. 3-1 disclosures at a later time, or if the Court otherwise so orders.

Plaintiffs are not concurrently producing documents described in Patent L.R. 3-4(c) or (e) relevant to a hypothetical negotiation/damages because VoIP-Pal is not currently asserting that it is

entitled to damages and therefore such documents are irrelevant.  To the extent the Court allows

VoIP-Pal to proffer any damages arguments at a later time, Plaintiffs reserve the right to produce

documents pursuant to Patent L.R. 3-4(c) and (e).


Dated: May 26, 2021

**PERKINS COIE LLP**

*/s/ Gene W. Lee*
Sarah Fowler (Bar No. 264838)
Amisha Manek (Bar No. 305163)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
SFowler@perkinscoie.com
AManek@perkinscoie.com

Gene W. Lee (*pro hac vice*)
Thomas Matthew (*pro hac vice*)
1155 Avenue of the Americas, 22nd floor
New York, NY 10112-0015
Telephone: (212) 262-6900
GLee@perkinscoie.com
TMatthew@perkinscoie.com

*Attorneys for Plaintiff Twitter, Inc.*

**DESMARAIS LLP**

*/s/ Ameet A. Modi*
John M. Desmarais (Bar No. 320875)
Ameet A. Modi (Bar No. 331660)
Peter C. Magic (Bar No. 278917)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com
pmagic@desmaraisllp.com

Joze Welsh (admitted *pro hac vice*)
Raymond Habbaz (admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jwelsh@desmaraisllp.com
rhabbaz@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

**BAKER BOTTS LLP**

*/s/ Roger Fulghum*

Sarah J. Guske (Bar No. 232467)
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300
sarah.guske@bakerbotts.com

Jon V. Swenson (Bar No. 233054)
1001 Page Mill Road Bldg. One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7600
jon.swenson@bakerbotts.com

Roger Fulghum (admitted *pro hac vice*)
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-1707
Facsimile: (713) 229-2707
roger.fulghum@bakerbotts.com

Timothy S. Durst (admitted *pro hac vice*)
Samir A. Bhavsar (admitted *pro hac vice*)
Morgan G. Mayne (admitted *pro hac vice*)
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
tim.durst@bakerbotts.com
samir.bhavsar@bakerbotts.com
morgan.mayne@bakerbotts.com

Lauren J. Dreyer (admitted *pro hac vice*)
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
lauren.dreyer@bakerbotts.com

*Attorneys for Plaintiffs AT&T Corp. et al.*