# EXHIBIT 3

Complete list of parties and counsel listed on signature pages.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>TWITTER, INC., a Delaware corporation,<br><br>            Defendant. | Case No. 18-cv-04523-LHK [Lead Case]<br><br>**JOINT INVALIDITY CONTENTIONS OF TWITTER, INC.; VERIZON; AT&T CORP; AND APPLE INC.** |
| VOIP-PAL.COM, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>CELLCO PARTNERSHIP d/b/a/ Verizon Wireless,<br><br>            Defendants. | Case No. 18-cv-06054-LHK |
| VOIP-PAL.COM, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>AT&T CORP, a Delaware corporation,<br><br>            Defendant. | Case No. 3:18-cv-06177-LHK |

1

VOIP-PAL.COM, INC., a Nevada corporation,

                    Plaintiff,

    v.

APPLE INC., a California corporation,

                    Defendant.

Case No. 3:18-cv-06217-LHK

1

## Table of Contents

2   1.   Preliminary Statement And Reservation Of Rights ................................................. 4

3   2.   Priority Of The Asserted Patents ......................................................................... 6

4   3.   Invalidity Of The Asserted Claims Under 35 U.S.C. §§ 102 And 103 ................... 7

5        a.   Systems ................................................................................................. 11

6        b.   Patents and Patent Applications ............................................................. 33

7        c.   Non-Patent Literature ............................................................................ 36

8   4.   Invalidity Of The Asserted Patents Based On 35 U.S.C. § 112 For Lack Of Written
         Description And Enablement .............................................................................. 44

9
         a.   Both Asserted Patents ............................................................................. 45

10
         b.   '815 Patent ............................................................................................. 47

11
         c.   '005 Patent ............................................................................................. 48

12
13   5.   Invalidity Of The Asserted Patents Based On 35 U.S.C. § 112 For Indefiniteness. 50

14       a.   Both Asserted Patents ............................................................................. 51

15       b.   '815 Patent ............................................................................................. 53

16       c.   '005 Patent ............................................................................................. 54

17   6.   The Asserted Patents Are Directed To Patent-Ineligible Subject Matter ............... 56

18   7.   Document Production ........................................................................................ 56

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Case Management Order of January 16, 2019, defendants Twitter, Inc. ("Twitter"); Cellco Partnership ("Verizon"); AT&T Corp. ("AT&T"); and Apple Inc. ("Apple") (collectively, "Defendants") hereby jointly submit the following Initial Invalidity Contentions regarding U.S. Patent Nos. 8,542,815 (the "'815 patent) and 9,179,005 (the "'005 patent") (collectively, the "Asserted Patents").

Plaintiff VoIP-Pal.com, Inc. ("VoIP-Pal") alleges in its Initial Infringement Contentions that Defendants infringe claims 1, 7, 12, 27, 28, 72, 73, 92, and 111 of the '815 patent and claims 49, 73, 74, 75, 77, 78, 83, 84, 94, 96, and 99 of the '005 patent (collectively, the "Asserted Claims"). As discussed below, Defendants contend that each of the Asserted Claims is invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

## 1. Preliminary Statement And Reservation Of Rights

Defendants' Initial Invalidity Contentions reflect Defendants' present knowledge and contentions regarding the Asserted Claims. Thus, the following contentions are based on Defendants' current knowledge, understanding, and belief as to the facts and information available as of the date of these Invalidity Contentions. Discovery has not yet been completed in this matter. Thus, Defendants have not yet completed their investigation, discovery, or analysis of matters relating to the invalidity of the Asserted Claims, including without limitation invalidity due to on-sale or public use statutory bars. In addition, Defendants' search for prior art is ongoing. Accordingly, Defendants reserve the right to amend, modify, and supplement, without prejudice, these Invalidity Contentions as additional information is discovered or otherwise identified or appreciated, including testimony about the scope and content of the claimed inventions or state of the prior art.

Defendants submit these Initial Invalidity Contentions without waiving Defendants' position that VoIP-Pal's Infringement Contentions do not adequately identify with sufficient specificity the basis for VoIP-Pal's contention that any accused product meets the limitations of any of the Asserted Claims. Nothing stated herein is or shall be treated as an admission or suggestion that Defendants agree with VoIP-Pal regarding either the scope of any of the Asserted Claims or the claim constructions advanced directly or implicitly by VoIP-Pal's Infringement

Contentions or in any other pleading, discovery request or response, or written or verbal communications with Defendants.  Additionally, nothing in these Initial Invalidity Contentions shall be treated as an admission that any of Defendants' accused products meet any limitation of the Asserted Claims.  The disclosures herein are not and should not be construed as a statement that no other persons have discoverable information, that no other documents, data compilations, or tangible things exist that Defendants may use to support their claims or defenses, or that no other legal theories or factual bases will be pursued.

In the absence of a claim construction order from the Court, Defendants have based these Initial Invalidity Contentions upon Defendants' knowledge and understanding of the potential scope of the Asserted Claims at this time, and, in part, upon the apparent constructions of the Asserted Claims advanced by VoIP-Pal in its Infringement Contentions.  Furthermore, VoIP-Pal's Infringement Contentions contradict the teaching of the Asserted Patents, contradict the understanding of the claim terms by a person of ordinary skill, and are vague and conclusory concerning how certain claim limitations supposedly read on the accused products or activities.  Thus, Defendants are unable to discern VoIP-Pal's position regarding the construction of numerous claim limitations and have provided these Initial Invalidity Contentions based in part on its present understanding of VoIP-Pal's apparent constructions.  Finally, Defendants' Initial Invalidity Contentions do not necessarily represent Defendants' agreement or view as to the meaning of any claim term contained therein, and Defendants may disagree with VoIP-Pal's interpretation of the meaning of many terms and phrases in the Asserted Claims.  In addition, Defendants' Initial Invalidity Contentions do not necessarily represent Defendants' agreement or view as to whether any claim preamble is a limitation of the claim.

Defendants' Initial Invalidity Contentions should not be interpreted to rely upon, or in any way affect, the non-infringement arguments Defendants intend to assert in this case. Defendants also anticipate that the Court's construction of claim terms may significantly affect the scope of the Asserted Claims.  Therefore, Defendants reserve the right to supplement, without prejudice, these Initial Invalidity Contentions as appropriate depending upon the Court's construction of the Asserted Claims, any findings as to the priority date of the Asserted Patents,

and positions that VoIP-Pal or its expert witnesses may take concerning claim interpretation, infringement, or invalidity issues.

Defendants provide certain claim charts as described herein.  The claim charts reflect the theories of invalidity described in each chart, including anticipation and obviousness.  The suggested obviousness combinations are in the alternative to Defendants' anticipation contentions.  The disclosed obvious combinations are not meant to be exhaustive and should not be construed to suggest that any reference is not anticipatory in its own right.  As reflected in the attached exhibits, the discussion herein, and in the references themselves, all elements of VoIP-Pal's Asserted Claims, arranged as claimed in the Asserted Claims, were disclosed in the art before the Asserted Patents' earliest possible priority date, and one of ordinary skill in the art would have readily fit their teachings together.  Each of the references cited herein or in the attached exhibits may be combined and modified in a number of obvious ways to achieve the claimed apparatus and systems, including those disclosed in the attached exhibits.

Defendants further contend that various asserted claims of the Asserted Patents are invalid for failure to satisfy the enablement, written description, or definiteness requirements of 35 U.S.C. § 112.  Defendants' contentions are based in whole or in part on its present understanding of the Asserted Claims and VoIP-Pal's apparent construction of those claims in its Infringement Contentions.  Accordingly, Defendants' invalidity contentions based upon 35 U.S.C. § 112 may reflect alternative positions as to claim construction and scope.  Further, by asserting grounds for invalidity based on VoIP-Pal's apparent claim construction or any other particular claim construction, Defendants are not adopting VoIP-Pal's claim construction, or admitting to the accuracy of any particular claim construction.

## 2.  Priority Of The Asserted Patents

In its Infringement Contentions, Plaintiff contends that the Asserted Patents are entitled at least to the priority date of U.S. provisional application No. 60/856,212, filed on November 2, 2006.  Plaintiff further claims a conception date for the inventions claimed in the Asserted Patents by January 31, 2005, and a reduction to practice date by June 6, 2005.

Plaintiff is not entitled to a priority date earlier than the first non-provisional application PCT/CA2007/001956 on November 1, 2007 (and even that application fails to provide adequate support for the full scope of the asserted claims).  First, a "patent is only entitled to claim the benefit of the filing date of its provisional application if the disclosure of the provisional application provides support for the claims . . . in compliance with § 112, ¶ 1." *Dynamic Drinkware v. Nat'l Graphics Inc.*, 800 F.3d 1375, 1381 (Fed. Cir. 2015).  The provisional application identified by Plaintiff does not meet this requirement for either of the Asserted Patents and therefore Plaintiff cannot claim priority to the provisional application's filing date.

Further, Plaintiff's general contention that it "intends to demonstrate a conception date for the inventions claimed in the Patents-in-Suit by January 31, 2005 and a reduction to practice date for the inventions claimed in the Patents-in-Suit by June 6, 2005," fails to sufficiently disclose any basis for an earlier priority date for the Asserted Patents.

### 3.  Invalidity Of The Asserted Claims Under 35 U.S.C. §§ 102 And 103

Defendants contend that each Asserted Claim is invalid at least under 35 U.S.C. § 102, including subsections 102(a), 102(b), 102(e), and 102(g), and/or 35 U.S.C. § 103 as set forth in the attached Exhibits A-1–B-49.[1]  Pursuant to the Court's Case Management Order, Defendants identify herein prior art patents, publications, disclosures, products/devices/systems, and uses that anticipate or render obvious the Asserted Claims under 35 U.S.C. §§ 102 or 103.  Defendants reserve the right to rely on other references disclosed or incorporated by reference in these Initial Invalidity Contentions, in the prior art identified below, in the Asserted Patents, or any related patents, in the file history of the Asserted Patents or any related patents, and in the attached exhibits.

Defendants' detailed contentions as to how each identified prior art reference either anticipates or renders obvious in claim chart form are attached as Exhibits A-1–B-49. Defendants' claim charts may disclose multiple theories of invalidity in a single chart.  Each chart directed to an anticipatory product/system also discloses how the product/system alone in

---

[1] Exhibits with numbers starting with "A" correspond to invalidity charts for the '815 patent; exhibits with numbers starting with "B" correspond to invalidity charts for the '005 patent.

light of the knowledge and skill in the art, or in light of other references, renders each asserted claim obvious.   Additionally, each chart directed to an anticipatory patent or non-patent publication also discloses how that reference in combination with one or more other references renders each Asserted Claim obvious.

Pursuant to the Court's Case Management Order and the Local Patent Rules, Defendants attach charts identifying exemplary prior art that anticipates or renders obvious each of the Asserted Claims, as set forth in Exhibits A-1–B-49.  For each Asserted Claim that is anticipated or rendered obvious by an exemplary reference or combination, the corresponding claim chart includes a citation to that reference or combination for each limitation.  Where Defendants cite to a particular figure in a prior art reference, the citation should be understood to encompass the caption and description of the figure as well as any text relating to the figure in addition to the figure itself.  Conversely, where a cited portion of text refers to a figure, the citation should be understood to include the figure as well.  Furthermore, while Defendants have identified at least one citation per limitation present in a reference or combination, each and every disclosure of the same or similar limitation in the same reference or combination is not necessarily identified.  In an effort to focus the issues, Defendants cite only particularly pertinent portions of identified references, even where a reference or combination may contain additional support for a particular claim element.  Thus, Defendants may rely on uncited portions of the prior art references for additional support for a particular element.  Defendants may rely upon other prior art identified in future supplements, corroborating references, documentation, source code, products, and testimony, including materials obtained through further investigation and third-party discovery of the prior art identified herein, that demonstrates the invalidating functionality identified in these Initial Invalidity Contentions or that show the state of the art in the relevant time period (irrespective of whether such references themselves qualify as prior art to the Asserted Patent), and expert testimony to provide context to or aid in understanding the cited portions of the identified prior art.  Similarly, where there are multiple references relating to a single prior art product or system, Defendants may cite only to a single reference for a particular limitation, even though other references may also contain similar teachings.  Thus, Defendants may rely on

uncited references relating to a particular prior art document or system for additional support for a particular element.   Any prior art disclosed as anticipating a limitation also renders that limitation obvious.

Additionally, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.   Numerous prior art references, including those identified herein and in the attached exhibits, reflect common knowledge and the state, scope, and content of the prior art before the priority date of the Asserted Claims of the Asserted Patents.   Defendants may rely on uncited portions of the prior art references and on other publications and expert testimony to provide context and as aids to understanding and interpreting the portions that are cited.

In general, a claimed invention is invalid due to obviousness "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art."   35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1, 13-14 (1966).   The ultimate determination of whether an invention is or is not obvious is a legal conclusion based on underlying factual inquiries including: "(1) the scope and content of the prior art; (2) the differences between the prior art and the claims; (3) the level of ordinary skill in the art at the time of invention; and (4) objective evidence of nonobviousness."   *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 877 (Fed. Cir. 1993); *see Graham*, 383 U.S. at 17-18.   The U.S. Supreme Court decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1739 (2007) reaffirmed *Graham*, but further held that a claimed invention can be obvious even if there is no explicit teaching, suggestion, or motivation for combining the prior art to produce that invention.

To the extent that any claim limitation is not anticipated pursuant to 35 U.S.C. § 102, Defendants contend that any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art under 35 U.S.C. § 103.   Each Asserted Claim would have been obvious in view of each reference cited in Exhibits A-1–B-49 either alone or combined with the knowledge that was possessed by one of ordinary skill in the

art.  Additionally, each Asserted Claim would have been obvious to one of ordinary skill in the art in view of the combination of any one of the prior art references identified in Exhibits A-1–B-49 with one or more of the other references identified in the tables below.

In particular, those of ordinary skill in the art at the time of the alleged invention of the Asserted Patents would have been motivated to modify or combine the prior art references set forth herein because, inter alia:  (a) the references in general deal with the same or related subject matter; (b) one of ordinary skill in the art would have been motivated by the problem that the inventor was attempting to solve, or with other problems that would have been faced in reaching a solution, and would have looked to references that concerned similar issues or taught how to overcome the problems faced; (c) the combinations were obvious to try and would have operated in their known and expected way; (d) the combinations were within the technical skill and understanding of a person of ordinary skill in the art; (e) the combinations would have been motivated by the developments in technology; and (f) the combinations reflect various design choices that would have been known to one of ordinary skill in the art and within that person's technical capability to implement (i.e. technically feasible).

The various motivations described above provide a basis for combining or modifying references, as detailed below, to render each of the Asserted Claims obvious.  In addition, the Court can consider the inferences and creative steps a person of ordinary skill in the art would employ in making such combinations.  *See KSR*, 127 S. Ct. at 1741 ("a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ").

Defendants have identified a non-exhaustive list of one or more potential combinations that would render each of the Asserted Claims of the Asserted Patents obvious in the claim charts identified by exhibit number in the table below.  Specifically, Defendants contend that the following references anticipate or render obvious (alone, or in combination with other references as set forth in detail in each claim chart) the Asserted Claims:

10

a.      Systems

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| A-1, B-1 | Vonage | 9/22/2003 | Vonage Holdings Corporation Petition for Declaratory Ruling Concerning an Order of the Minnesota Public Utilities Commission, WC 03-211 ("Vonage FCC Petition") | Filed 9/22/2003 | DEFCOMM ON00056739 |
| | | | Letter from William B. Wilhelm, Jr., Counsel for Vonage, to Marlene H. Dortch, Secretary, FCC, WC Docket No. 03-211 ("Vonage FCC Wilhelm Letter") | Filed 10/1/2004 | DEFCOMM ON00056881 |
| | | | FCC In the Matter of Vonage Holdings Corporation WC Docket No. 03-211, ("Vonage FCC Order") | Released 11/12/2004 | DEFCOMM ON00056698 |
| | | | *Digifonica Partner Program Guide*, VPLM00006360- | Spring 2005 | VPLM00006 360- VPLM00006 397 |

11

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | VPLM00006397 ("Digifonica Comparison") | | |
| | | | Vonage Holdings Corporation 2006 10-K form. Retrieved from https://ir.vonage.com/financials/annual-reports ("Vonage 10-K Form 2006") | 2007 | DEFCOMM ON00056556 |
| | | | *Vonage 311*, Vonage, http://www.vonage.com/no_flash/features.php?feature=311 ("Vonage Website 311") | 11/6/2004 | DEFCOMM ON00057084 |
| | | | *7-Digit Dialing*, Vonage, http://www.vonage.com/no_flash/features.php?feature=7_digit_dialing ("Vonage Website 7-Digit Dialing") | 11/6/2004 | DEFCOMM ON00057083 |
| | | | *Free Calling*, Vonage, http://www.vonage.com/no_flash/features.php?feature=subscriber_to_subscriber | 11/6/2004 | DEFCOMM ON00057088 |

12

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | ("Vonage Website Free Calling") | | |
| | | | U.S. Patent No. 7,453,990, ("Welenson '990"). | Filed 6/22/ 2004; published 8/11/2005; issued 11/18/2008 | DEFCOMM ON00056544 |
| | | | *3-Way Calling*, Vonage, http://www.vonage.com/no_flash/features.php?feature=3_way_calling | November 6, 2004 | DEFCOMM ON00057082 |
| A-2, B-2 | Avaya | 6/2005 | *Understanding VoIP: Leveraging Technology for a Competitive Edge*, Avaya ("Avaya VoIP White Paper") | 10/2005 | DEFCOMM ON00036658 |
| | | | *Feature Description and Implementation for Avaya Communication Manager* ("Avaya Feature Description") | 6/2005 | DEFCOMM ON00036689 |
| | | | *Administrator Guide for Avaya Communication Manager*, Issue 1 | 6/2005 | DEFCOMM ON00038133 |

13

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | ("Avaya Administrator Guide") | | |
| | | | *Configuring H.323 Signaling and IP Trunks between Avaya Communication Manager and Cisco CallManager 4.0*, Issue 1.0 ("Avaya Cisco Configuration") | 4/8/2005 | DEFCOMM ON00039820 |
| | | | *Configuring Avaya Communication Manager with a Multi Location Dial Plan*, Issue 1.0 ("Avaya Multi Location Dial Plan Notes") | 3/18/2004 | DEFCOMM ON00039789 |
| | | | *Application Notes for H.323 Voice over IP Trunking between Avaya Communication Manager and VoIP Americas Nativevoip VoIP Service*, Issue 1.0 ("Avaya NativeVoIP Gateway Configuration"). | 6/16/2005 | DEFCOMM ON00039807 |

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| A-3, B-3 | Skype | 1/18/2005 | *Digifonica Partner Program Guide*, VPLM00006360-VPLM00006397 ("Digifonica Comparison") | Spring 2005 | VPLM00006 360-VPLM00006 397 |
| | | | *Skype - Free Internet telephony that just works*, Skype, http://www.skype.com/ ("Skype Website Introduction") | 1/30/2005 | DEFCOMM ON00056045 ; DEFCOMM ON00056048 |
| | | | *How to Use SkypeOut*, Skype, http://www.skype.com/help/guides/skypeout.html ("How to Use SkypeOut") | 1/27/2005 | DEFCOMM ON00056043 |
| | | | *About SkypeOut*, Skype, http://skype.com/products/skypeout/ ("About SkypeOut") | 1/27/2005 | DEFCOMM ON00055992 |
| | | | *How to Use Skype*, Skype, http://www.skype.com/help/guides/usingskype.html ("How to Use Skype") | 1/27/2005 | DEFCOMM ON00056038 |

15

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | *How to Remove a Contact*, Skype, http://www.skype.com/help/guides/remove.html ("Skype Website Speed-Dial") | 1/25/2005 | DEFCOMMON00056037 |
| | | | Salman A. Baset and Henning Schulzrinne, *An Analysis of the Skype Peer-to-Peer Internet Telephony Protocol*, ("Baset Article"). | 9/15/2004 | DEFCOMMON00055869 |
| | | | Dennis Bergström, *An analysis of Skype VoIP application for use in a corporate environment* ("Bergström Article") | 10/2004 | DEFCOMMON00055891 |
| | | | *How to Call – Skype User Guide*, Skype, http://www.skype.com:80/help/guides/call.html ("Skype Website Speed-Dial") | 10/26/2005 | DEFCOMMON00056097 |
| | | | *Download Skype for Windows*, | 1/19/2005 | DEFCOMMON00056036 |

16

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | Skype, http://www.skype.com/products/skype/windows/ | | |
| A-4, B-4 | Skype 1.4 | 10/24/2005 | *Skype - Free Internet telephony that just works*, Skype, http://www.skype.com/ ("Skype Website Introduction") | 10/30/2005 | DEFCOMMON00056142; DEFCOMMON00056145; DEFCOMMON00056148 |
| | | | *How to Use SkypeOut*, Skype, http://www.skype.com/help/guides/skypeout.html ("How to Use SkypeOut") | 10/26/2005 | DEFCOMMON00056103 |
| | | | *How to Use Skype*, Skype, http://www.skype.com/help/guides/usingskype.html ("How to Use Skype") | 10/27/2005 | DEFCOMMON00056098 |
| | | | *How to Call – Skype User Guide*, Skype, http://www.skype.com:80/help/guides/call.html ("Skype Website Speed-Dial") | 10/26/2005 | DEFCOMMON00056097 |

17

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | Salman A. Baset and Henning Schulzrinne, *An Analysis of the Skype Peer-to-Peer Internet Telephony Protocol*, ("Baset Article"). | 9/15/2004 | DEFCOMM ON00055869 |
| | | | Dennis Bergström, *An analysis of Skype VoIP application for use in a corporate environment* ("Bergström Article") | 10/2004 | DEFCOMM ON00055891 |
| | | | Taavet Hinrikus, *Skype API*, Version 1.2 ("Skype API"). | 3/4/2005 | DEFCOMM ON00055823 |
| | | | Hao Wang, *Skype VoIP service-architecture and comparison* ("Wang Article"). | 6/22/2005 | DEFCOMM ON00055881 |
| | | | *Digifonica Partner Program Guide*, VPLM00006360-VPLM00006397 ("Digifonica Comparison") | Spring 2005 | VPLM00006 360-VPLM00006 397 |

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | *Download Skype for Windows*, Skype, http://www.skype.com/products/skype/windows/ | 10/26/2005 | DEFCOMMON00056096 |
| A-5, B-5 | Tenor | 2001 | *Tenor Call Routing Server Product Guide*, Quintum Technologies, Inc. | 2003 | DEFCOMMON00056164 |
| | | | *Tenor Call Routing*, Quintum Technologies, Inc. | 2005 | DEFCOMMON00056270 |
| | | | *Tenor Call Routing*, Quintum Technologies, Inc. | 2001 | DEFCOMMON00056297 |
| A-6, B-6 | Asterisk | 3/30/2003 | Mark Spencer et al., *The Asterisk Handbook*, Version 2 | 3/30/2003 | DEFCOMMON00051219 |
| | | | Jim Van Meggelen et al., *Asterisk The Future of Technology* | 8/31/2005 | DEFCOMMON00051306 |
| | | | Paul Mahler, *VoIP Telephony with Asterisk* | 10/20/2005 | DEFCOMMON00052360 |

19

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | David Gomillion et al., *Building Telephony Systems with Asterisk* | 9/2005 | DEFCOMMON00051682 |
| A-7, B-7 | Cisco Call Manager | 2001 | *System Description for the Cisco Communications Network* | January 1999 | DEFCOMMON00050756 |
| | | | David Bateman, *Configuring CallManager and Unity: A Step-by-Step Guide* | June 2005 | DEFCOMMON00049303 |
| | | | *Cisco IP Telephony Network Design Guide* | December 2000 | DEFCOMMON00008286 |
| | | | Dave Corley, *Distributed Enterprise Call Processing/Call Control Server (Cisco CallManager version 3.1 product requirements document)* | September 13, 2000 | Cisco-VoIP Pal00000432 |
| | | | *Cisco CallManager Service Enterprise* | September 19, 2003 | Cisco-VoIP Pal00000475 |

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | *Parameters for Parche Interface Specification* | | |
| | | | Chu-shen Liu & Jessie Chang, *Cisco CallManager/IOS Gateway System Test Plan— Centralized Call Processing Deployment Model* | September 2, 2000 | Cisco-VoIP Pal00000503 |
| | | | John Restrick, *CallManager Architecture Overview, January 21, 2007* | January 21, 2007 | Cisc-VoIP Pal00000594 |
| | | | Marc Ayres et al., *Seadragon – GA Product Requirements Document* | May 2004 | Cisco-VoIP Pal00000683 |
| | | | Chris Pearce et al., *Cisco CallManager Fundamentals*, 1st edition | July 2001 | Cisco-VoIP Pal00000807 |
| | | | Chris Pearce et al., *Cisco CallManager Fundamentals*, 2d edition | September 2005 | Cisco-VoIP Pal00000808 |

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | Salvator Collora et al., *CallManager Best Practices*, | June 2004 | Cisco-VoIP Pal00000809 |
| A-8, B-8 | Broad Works | January 2001 | *BroadSoft Product Overview PowerPoint (March 2002)* ("BroadSoft Product Overview") | March 2002 | Cisco-VoIP Pal00004871 |
| | | | *BroadWorks Product Specification, Release 4 (May 2001)* ("BroadWorks Release 4") | May 2001 | Cisco-VoIP Pal00004872 |
| | | | *BroadWorks Network Server Product Description Release 13* ("Network Server Release 13") | 2005 | Cisco-VoIP Pal00004884 |
| | | | *BroadWorks SIP Network Interface Interworking Guide Release 13.0* ("SIP 13") | 2005 | Cisco-VoIP Pal00004870 |
| | | | *BroadWorks SIP Network Interface Interworking* | 2005 | Cisco-VoIP Pal00004882 |

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | | | *Guide Release 12.0* ("SIP 12") | | |
| | | | *BroadWorks Special Call Types Routing Guide Release 13* ("Special Call Types Routing") | 2005 | Cisco-VoIP Pal00004879 |
| | | | *Private Dial Plans - VoiceVPN Functional & Design Specifications* ("VoiceVPN") | 2001 | Cisco-VoIP Pal00004883 |
| | | | *Enhanced OCP (NCOS) Functional Specification* ("Enhanced OCP") | 2002 | Cisco-VoIP Pal00004880 |
| | | | *147-168 Outgoing Calling Plan* ("OCP") | 2001 | Cisco-VoIP Pal00004876 |
| | | | *Speed Dial Functional Specification* ("Speed Dial") | 2001 | Cisco-VoIP Pal00004875 |
| | | | *BroadWorks Functional Specification, Network Server, Release 6* | 2001 | Cisco-VoIP Pal00004881 |

23

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | *BroadWorks Release 12 Bulletin* | May 2005 | Cisco-VoIP Pal00000821 |
| | | | *BroadWorks Release 13 Bulletin* | December 2006 | Cisco-VoIP Pal00004878 |
| | | | *Basic Call Processing: Feature Specification Document, Release 2.0 (Feb. 2000)* | February 2000 | Cisco-VoIP Pal00004874 |
| | | | *Product Overview Guide Release 13* ("Product Overview 13") | 2007 | Cisco-VoIP Pal00004877 |
| | | | *BroadWorks Feature Overview (through Release 13.0)* ("Feature Overview 13") | November 2006 | Cisco-VoIP Pal00004873 |
| | | | *BroadWorks Feature Overview (through Release 12)* ("Feature Overview 12") | March 2005 | Cisco-VoIP Pal00000823 |
| A-9, B-9 | Sylantro | 2006 | *Sylantro Synergy Administrator's Guide Software Version 4.0* | March 31, 2006 | Cisco-VoIP Pal00001178 |
| Intentionally | Altigen Comm | 3/1999 | This system is the subject of | | |

24

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| left blank | unicati ons Inc. | | ongoing investigation and/or discovery of third-party information. Publications and other documents related to this system will be produced in due course as investigation and/or discovery proceeds. | | |
| | | | *Data Communications: The Global Magazine for Network Architects*, March 1999 | 3/1999 | DEFCOMM ON00057097 |
| Intentio nally left blank | StarVo x, Inc. | 1/25/2001 | This system is the subject of ongoing investigation and/or discovery of third-party information. Publications and other documents related to this system will be produced in due course as investigation | | |

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | and/or discovery proceeds. | | |
| | | | WO2001006740 ("Duffy") | 1/25/2001 | DEFCOMM ON00021112 |
| A-10, B-10 | Interact ive Intellig ence System s | 1998 | US 6,449,353 B1 ("Hynes, Jr.") | 9/10/2002 | DEFCOMM ON00053277 |
| | | | US 6,718,032 B1 ("Vrenjak") | 3/6/2004 | DEFCOMM ON00053293 |
| | | | US 6,804,346 B1 ("Mewhinney") | 10/12/2004 | DEFCOMM ON00053300 |
| | | | US 6,944,272 B1 ("Thomas") | 9/13/2005 | DEFCOMM ON00053312 |
| | | | US 7,110,523 B2 ("Gagle") | 9/19/2006 | DEFCOMM ON00053328 |
| | | | US 2005/0135401A1 ("Schmidt") | 6/23/2005 | DEFCOMM ON00053338 |
| | | | Microsoft-based IP PBX Communications Solution, Enterprise Interaction Center | 2004 | DEFCOMM ON00053163 |
| | | | IP Telephony and EIC: A Technical Overview | 7/22/1998 | DEFCOMM ON00053239 |
| | | | IP Telephony and the Interaction Center Platform, White Paper | 9/25/2003 | DEFCOMM ON00053248 |

26

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | Unified Communications Using Communité | 5/1/2002 | DEFCOMM ON00053139 |
| | | | Interaction SIP Proxy | 2/2004 | DEFCOMM ON00053237 |
| | | | Interaction Director Technical Overview | 2003 | DEFCOMM ON00053202 |
| | | | The Interaction Center Platform White Paper | 2/18/2003 | DEFCOMM ON00053167 |
| Intentionally left blank | Popstar Global Communications | 4/3/2003 | This system is the subject of ongoing investigation and/or discovery of third-party information. Publications and other documents related to this system will be produced in due course as investigation and/or discovery proceeds. | | |
| | | | WO2003028355 ("Brongo") | 4/3/2003 | DEFCOMM ON00021232 |
| A-11, B-11 | | June 2005 | IPR2016-01201, Ex. 2016 Decl. of Mangione-Smith | Declaration Signed 2/10/2017 | DEFCOMM ON00034658 |

27

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | Digifonica[2] | | IPR2016-01201, Ex. 2014 RBR Source Code Version 361 | 6/6/2005 | DEFCOMM ON00034557 |
| | | | IPR2016-01201, Ex. 2003 Technical Review of Digifonica VoIP System | 5/7/2005 | DEFCOMM ON00034480 |
| | | | IPR2016-01201, Ex.2020 Next Generation Networks – A Migration Path Digifonica Voice Over IP Technologies | 6/3/2005 | DEFCOMM ON00034757 |
| | | | IPR2016-01201, Ex.2018 Decl. of Terry | Declaration Signed 2/8/17 | DEFCOMM ON00034744 |
| | | | IPR2016-01201, Ex.2013 Decl. of Perreault | Declaration Signed 2/8/2017 | DEFCOMM ON00034551 |
| | | | IPR2016-01201, Ex.2012 Decl. of Bjorsell | Declaration Signed 2/9/2017 | DEFCOMM ON00034542 |

---

[2] VoIP-Pal has stated in responses to discovery requests that it intends to prove a date of conception of January 31, 2005 and a reduction to practice by June 6, 2005. VoIP-Pal has asserted that Digifonica reduced to practice the claimed functionality by June 2005. *See* IPR2016-01198, Ex. 2016, Decl. of Mangione-Smith, ¶¶ 25-29, Decl. of IPR2016-01201, Ex. 2016, Decl. of Mangione-Smith, ¶¶ 25-29. On information and belief, this system was on sale or in public use in the United States before November 2, 2005. Defendants' investigation into this system is ongoing and Defendants expressly reserve the right to supplement their contentions as Defendants' investigation progresses.

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | IPR2016-01198, Ex. 2016 Decl. of Mangione-Smith | Declaration Signed 2/10/2017 | DEFCOMM ON00030381 |
| | | | IPR2016-01198, Ex. 2014 RBR Source Code Version 361 | 6/6/2005 | DEFCOMM ON00030280 |
| | | | IPR2016-01198, Ex. 2003 Technical Review of Digifonica VoIP System | 5/7/2005 | DEFCOMM ON00030203 |
| | | | IPR2016-01198, Ex.2020 Next Generation Networks – A Migration Path Digifonica Voice Over IP Technologies | 6/3/2005 | DEFCOMM ON00030494 |
| | | | IPR2016-01198, Ex.2018 Decl. of Terry | Declaration Signed 2/8/17 | DEFCOMM ON00030481 |
| | | | IPR2016-01198, Ex.2013 Decl. of Perreault | Declaration Signed 2/8/2017 | DEFCOMM ON00030274 |
| | | | IPR2016-01198, Ex.2012 Decl. of Bjorsell | Declaration Signed 2/9/2017 | DEFCOMM ON00030265 |
| A-12, B-12 | | 2004 | ACS VoIP 2004.11 Advanced Feature | September 17, 2004 | ATT0000342 5 |

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Name of System | Publicly known, in use, on sale, or sold in the U.S. at least by | Exemplary Publications Describing the System | Publication Date | Production Number |
| | CallVantage[3] | | Platform ("ACS VoIP") | | |
| | | | AT&T VoIP R2 User Guide ("R2 User Guide") | November 13, 2003 | ATT00005481 |
| A-13, B-13 | MCI Systems[4] | November 21, 2002 | IP Communications Overview Presentation, MCI Network Development Engineering | 2002 | DEFCOMMON00053522 |
| | | | Call Flows for IP Communications Phase 4a, Greg Paterno, Worldcom Network Development Engineering | 8/29/2001 | DEFCOMMON00053374 |
| | | | WorldCom Gen-D SIP Server Overview for Home Depot Presentation, Diana Rawlins | 1/2002 | DEFCOMMON00053862 |

---

[3] On information and belief, AT&T created a system known as CallVantage that implemented the claimed functionality.  *See* ATT00003425; ATT00005481.  Defendants' investigation into this system is ongoing and Defendants expressly reserve the right to supplement its contentions as Defendants' investigation progresses.

[4] On information and belief, MCI and Verizon created a system known as IP Communications, Worldcom Connection and MCI Advantage that implemented the claimed functionality.  *See* DEFCOMMON00053347-3883.  Defendants' investigation into this system is ongoing and Defendants expressly reserve the right to supplement its contentions as Defendants' investigation progresses.

| | | | TABLE 1 | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | Emerging Network Solutions Development | | |
| | | | McMurry, Kathleen and Gregorat, Mariafranca, Redirect Server Invite Logic Requirements, Release 4.8.2 | 11/21/2002 | DEFCOMM ON00053610 |
| | | | McMurry, Kathleen and Gregorat, Mariafranca, Redirect Server Invite Logic Requirements, Release 5.0 (rev 20) | 7/1/2003 | DEFCOMM ON00053643 |
| | | | Gregorat, Mariafranca, Redirect Server Invite Logic Requirements, Release 5.7 (rev 4) | 8/18/2005 | DEFCOMM ON00053791 |
| | | | SIP Beyond VoIP – The Next Step in the IP Communications Revolution, Sinnreich, Henry *et al*., VON | July 2005 | DEFCOMM ON00053368 |

31

| TABLE 1 | | | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Name of System** | **Publicly known, in use, on sale, or sold in the U.S. at least by** | **Exemplary Publications Describing the System** | **Publication Date** | **Production Number** |
| | | | Publishing, New York, New York | | |
| | | | Email from Douglas Smith to Lance Lockhart et al., RS 5.0.1 FVO – Status Update | 7/17/2003 | DEFCOMM ON00053347 |
| | | | Email from Douglas Smith to Lance Lockhart et al., RS 5.0.1 Rollout – Status Update | 7/18/2003 | DEFCOMM ON00053367 |
| | | | MCI Advantage FAQ, MCI, http://business.mci.com/small_business/local_long_distance/mci_advantage_faq.jsp, accessed through Internet Archive https://web.archive.org/web/20040605210459/http://business.mci.com/small_business/local_long_distance/mci_advantage_faq.jsp ("MCI Advantage FAQ") | 6/5/2004 | DEFCOMM ON00053362 |

b.     Patents and Patent Applications

| TABLE 2 | | | | | | |
|---------|---|---|---|---|---|---|
| **Exhibit No.** | **Abbreviated Name** | **Patent or Publication No.** | **Country of Origin** | **Filing Date** | **Date of Issue or Publication** | **Production Number** |
| A-14, B-14 | Silverman | 5,875,240 | United States | 2/21/1997 | 2/23/1999 | DEFCOMMON00014939 |
| A-15, B-15 | Farah | 7,916,846 | United States | 8/31/2005 | 3/29/2011 | DEFCOMMON00018877 |
| A-16, B-16 | Mermel | 7,016,343 | United States | 12/28/2001 | 3/21/2006 | DEFCOMMON00017612 |
| A-17, B-17 | Smyk[5] | 6,597,686 | United States | 4/21/1998 | 7/22/2003 | DEFCOMMON00015744 |
| A-18, B-18 | Fellingham[6] | 6,292,553 | United States | 5/20/1998 | 9/18/2001 | DEFCOMMON00015244 |
| A-19, B-19 | Seligmann | WO03/096559 | United States | 5/6/2003 | 11/20/2003 | DEFCOMMON00021251 |
| A-20, B-20 | Fisher | 2004/0218748 | United States | 12/23/2003 | 11/4/2004 | DEFCOMMON00014725 |
| A-21, B-21 | Mak | 2002/0116464 | United States | 3/27/2001 | 8/22/2002 | DEFCOMMON00019352 |

---

[5] On information and belief, Telcordia created a system implementing the functionality described in Smyk (U.S. Pat. No. 6,597,686).  Defendants expressly reserve the right to rely on any potential Telcordia system art as an alternative and/or different reference from Smyk (U.S. Pat. No. 6,597,686).

[6] On information and belief, AT&T created a system implementing the functionality described in Fellingham (U.S. Pat. No. 6,292,553).  *See* DEFCOMMON00015244.  Defendants expressly reserve the right to rely on any potential AT&T system art as an alternative and/or different reference from Fellingham (U.S. Pat. No. 6,292,553).

| TABLE 2 | | | | | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Abbreviated Name** | **Patent or Publication No.** | **Country of Origin** | **Filing Date** | **Date of Issue or Publication** | **Production Number** |
| A-22, B-22 | Alfke | 7,765,263 | United States | 12/19/2003 | 7/27/2010 | DEFCOMMON00018753 |
| A-23, B-23 | Alfke '136 | 7,836,136 | United States | 7/31/2006 | 11/16/2010 | DEFCOMMON00018840 |
| A-24, B-24 | Chu | 7,486,684 | United States | 9/30/2003 | 2/3/2009 | DEFCOMMON00018485 |
| A-25, B-25 | Veschi | 2001/0028642 | United States | 2/29/2001 | 11/11/2001 | DEFCOMMON00019209 |
| A-26, B-26 | Nadeau | 6,240,449 | United States | 11/2/1998 | 5/29/2001 | DEFCOMMON00015139 |
| A-27, B-27 | Jadoul | EP 1 054 569 | France | 5/19/1999 | 11/22/2000 | DEFCOMMON00008596 |
| A-28, B-28 | Duffy | WO2001006740 | United States | 7/14/2000 | 1/25/2001 | DEFCOMMON00021112 |
| A-29, B-29 | Abelev | WO2004102941 | United States | 3/19/2004 | 11/25/2004 | DEFCOMMON00020585 |
| A-30, B-30 | Kaczmarczyk | 6,775,269 | United States | 3/29/2000 | 8/10/2004 | DEFCOMMON00017370 |
| A-31, B-31 | Gregorat | 2007/0061397 | United States | 7/28/2006 | 3/15/2007 | DEFCOMMON00020359 |
| A-32, B-32 | Pearce | 7,359,368 | United States | 5/25/2000 | 4/15/2008 | DEFCOMMON00018361 |

34

| TABLE 2 | | | | | | |
|---|---|---|---|---|---|---|
| **Exhibit No.** | **Abbreviated Name** | **Patent or Publication No.** | **Country of Origin** | **Filing Date** | **Date of Issue or Publication** | **Production Number** |
| A-33, A-33 | Chinni | 6,205,135 | United States | 3/6/1997 | 3/20/2001 | DEFCOMMON00015112 |
| A-34, B-34 | Al Hakim[7] | 6,954,455 | United States | 4/2/2001 | 10/11/2005 | DEFCOMMON00017556 |
| A-35, B-35 | Voit[8] | 6,870,827 | United States | 3/19/1997 | 3/22/2005 | DEFCOMMON00018779 |
| A-36, B-36 | Billinger | 4,799,255 | United States | 1/30/1987 | 1/17/1989 | DEFCOMMON00014827 |
| A-37, B-37 | Dunn | 6,324,280 | United States | 5/5/1998 | 11/27/2001 | DEFCOMMON00015285 |
| A-38, B-38 | Beckstrom | 6,608,831 | United States | 11/15/1999 | 8/19/2003 | DEFCOMMON00015760 |
| A-39, B-39 | Cope | 7,616,753 | United States | 5/3/2004 | 11/10/2009 | DEFCOMMON00018695 |
| A-40, B-40 | Elliott | 6,754,181 | United States | 11/18/1996 | 6/22/2004 | DEFCOMMON00016512 |

[7] On information and belief, AT&T created a system implementing the functionality described in Al Hakim (U.S. Pat. No. 6,954,455).  Defendants expressly reserve the right to rely on any potential AT&T system art as an alternative and/or different reference from Al Hakim (U.S. Pat. No. 6,954,455).

[8] On information and belief, Verizon created a system implementing the functionality described in Voit (U.S. Pat. No. 6,870,827).  Defendants expressly reserve the right to rely on any potential Verizon system art as an alternative and/or different reference from Voit (U.S. Pat. No. 6,870,827).

| TABLE 2 | | | | | | |
|---------|---------|-----------------------------|---------------------|-------------|------------------------------|-------------------------|
| **Exhibit No.** | **Abbrevi-ated Name** | **Patent or Pub-lication No.** | **Country of Origin** | **Filing Date** | **Date of Issue or Pub-lication** | **Prod-uction Number** |
| A-41, B-41 | Brongo | WO2003 028355 | Canada | 9/24/2001 | 4/3/2003 | DEFCO MMON0 0021232 |
| A-42, B-42 | Duffy II | WO2000 69156 | United States | 5/12/2000 | 11/16/200 0 | DEFCO MMON0 0021023 |
| A-43, B-43 | Pickett | 6,498,79 1 | United States | 5/4/2001 | 12/24/200 2 | DEFCO MMON0 0015433 |
| A-44, B-44 | Bales '974 | 4,661,97 4 | United States | 4/13/1984 | 4/28/1987 | DEFCO MMON0 0014783 |
| A-45, B-45 | Olivier | 6,480,88 5 | United States | 4/5/2000 | 11/12/200 2 | DEFCO MMON0 0015392 |

c.      Non-Patent Literature

| TABLE 3 | | | | | |
|---------|-------|--------------------|--------|-----------|-------------------|
| **Exhibit No.** | **Title** | **Date of Publication** | **Author** | **Publisher** | **Production Number** |
| A-46, B-46 | Session Initiation Protocol (RFC 3261) | 6/2002 | J. Rosenberg et al. | The Internet Society | DEFCOMM ON0001043 1 |
| A-47, B-47 | An Architecture for Residential Internet Telephony Service | 1999 | Christian Huitema et al. | IEEE Network | DEFCOMM ON0000037 4 |
| A-48, B-48 | Cisco CallManager | 2001 | Alexander et al. | Cisco Press | DEFCOMM ON0005748 3 |

36

| TABLE 3 | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Title | Date of Publication | Author | Publisher | Production Number |
| | Fundamentals 1st ed. | | | | |
| A-49, B-49 | TOPS: An Architecture of Telephony over Packet Networks | 1/1999 | Anerousis et al. | IEEE | DEFCOMMON00011774 |
| A-5, B-5 | Tenor Call Routing | 6/10/2005 | Quintum Technologies, Inc. | Quintum Technologies, Inc. | DEFCOMMON00056270 |

If, and to the extent, VoIP-Pal challenges the correspondence of any of these references with respect to particular limitations of the Asserted Claims of the Asserted Patents, Defendants reserve the right to supplement these invalidity contentions to identify additional combinations, motivations to modify, or explanations for particular references with additional particularity.

Defendant also reserves the right to supplement these obviousness positions (including the actual prior art combinations and the associated reasons to combine) as discovery in the case progresses, including expert discovery. Additionally, Defendants believe that certain non-parties and current or former employees thereof may have possession of relevant information and/or documents constituting prior art to the Asserted Patents. Defendants are continuing its investigation into these and other companies and their products. Defendants reserve the right to supplement these Initial Invalidity Contentions to identify additional references, combinations, motivations to modify, or explanations for particular references based on any information and/or documents provided by the former employees and/or successors-in-interests of companies or individuals who may possess relevant information and/or documents constituting prior art to the Asserted Patents.

Defendant further identifies the following prior art references that, in combination with one or more of the above references, renders the Asserted Claims obvious or that indicates the general knowledge within the relevant art at the time of the alleged inventions. Defendant re-

serves the right to rely on any one of these references for purposes of establishing the obvious-ness of any claim limitation and/or the knowledge possessed by a person of ordinary skill in the art.

| TABLE 4 | | | |
|---------|---|---|---|
| **Reference No.** | **Name of Reference** | **35 U.S.C. 103** | **Production Number** |
| S1 | AT&T Definity Comms. | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00000382 |
| S2 | Avaya Comms. Mgr. | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00042080 |
| S3 | Bellcore SS7 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00004818 |
| S4 | Carey (U.S. Pat. No. 6,714,793) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00016389 |
| S5 | CISCO IP TELEPHONY GUIDE | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00008286 |
| S6 | CISCO CALLMANAGER BEST PRACTICES | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00022205; DEFCOMMON00045486 |
| S7 | CONFIGURING CALLMANAGER AND UNITY: A STEP-BY-STEP GUIDE | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00049303 |
| S8 | Farris (U.S. Pat. No. 6,122,357) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00015037 |

| TABLE 4 | | | |
|---|---|---|---|
| Reference No. | Name of Reference | 35 U.S.C. 103 | Production Number |
| S9 | Hodges et al. (U.S. Pat. No. 6,707,901) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00016375 |
| S10 | IN Seminar Introduction | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00008778 |
| S11 | ITU-T H.248.1 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00012921 |
| S12 | ITU-T H.323 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00013071 |
| S13 | Lee (U.S. Pat. No. 5,937,053) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00014969 |
| S14 | Ranganathan et al. | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00009732 |
| S15 | RFC 791 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00009749 |
| S16 | RFC 793 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00009801 |
| S17 | RFC 768 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00009746 |
| S18 | RFC 950 | in combination with one or more of primary references | DEFCOMMON00010052 |

| TABLE 4 | | | |
|---|---|---|---|
| Reference No. | Name of Reference | 35 U.S.C. 103 | Production Number |
| | | identified in Tables 1 through 3 | |
| S19 | RFC 1034 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010070 |
| S20 | RFC 1035 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010125 |
| S21 | RFC 1889 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010180 |
| S22 | RFC 2916 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010287 |
| S23 | RFC 2960 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010297 |
| S24 | RFC 3332 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010700 |
| S25 | RFC 3398 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010820 |
| S26 | RFC 3435 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010888 |
| S27 | RFC 1035 | in combination with one or more of primary references | DEFCOMMON00010125 |

40

| TABLE 4 | | | |
|---|---|---|---|
| Reference No. | Name of Reference | 35 U.S.C. 103 | Production Number |
| | | identified in Tables 1 through 3 | |
| S28 | RFC 3666 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00011128 |
| S29 | RFC 3761 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00011246 |
| S30 | RFC 3398 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00010820 |
| S31 | Scott (U.S. Pat. No. 6,760,324) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00017305 |
| S32 | Tutorial on Signaling System 7 (SS7) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00011745 |
| S33 | Thornton (U.S Pat. No. 6,363,065) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00015317 |
| S34 | Voit (U.S. Pat. No. 6,289,010) ("Voit '010") | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00015183 |
| S35 | "What is ENUM?" (Network World) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00020580 |
| S36 | Wheeler (U.S. Pat. No. 5,572,583) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00014893 |

| TABLE 4 | | | |
|---|---|---|---|
| Reference No. | Name of Reference | 35 U.S.C. 103 | Production Number |
| S37 | Zbib (U.S. Pat. Pub. No. 2002/0101974) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00019344 |
| S38 | System Description for the Cisco Communications Network | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00050756 |
| S39 | White (U.S. Pat. 6,069,890) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00015016 |
| S40 | SIP Beyond VoIP – The Next Step in the IP Communications Revolution, Sinnreich, Henry *et al.*, VON Publishing, New York, New York, July 2005 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00053368 |
| S41 | Winsor (U.S. Pub. No. 2005/0164704 A1) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00019903 |
| S42 | Chang (U.S. Pub. No. 2003/0095541 A1) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00019562 |
| S43 | ITU-T H.225 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00011850 |
| S44 | ITU-T H.245 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00012289 |

42

| TABLE 4 | | | |
|---|---|---|---|
| Reference No. | Name of Reference | 35 U.S.C. 103 | Production Number |
| S45 | ITU-T X.500 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00013755 |
| S46 | Cisco Gatekeeper External Interface Reference, Version 3, July 2001 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00045659 |
| S47 | Enhanced Gatekeeper Solutions Using GKTMP/API | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00008695 |
| S48 | RFC 821 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00009982 |
| S49 | RFC 3482 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00011098 |
| S50 | Meubus (U.S. Patent No. 6,185,565) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00015088 |
| S51 | Koch (U.S. Pat. 7,412,049 | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00058225 |
| S52 | Choupak (U.S. Pat. 7,346,156) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00058212 |
| S53 | Hinchey (U.S. Pub. No. 2002/0122547) | in combination with one or more of primary references identified in Tables 1 through 3 | DEFCOMMON00019375 |

43

4.      **Invalidity Of The Asserted Patents Based On 35 U.S.C. § 112 For Lack Of Written Description And Enablement**

The specification of the Asserted Patents do not provide adequate written description to support the scope of the claims asserted by VoIP-Pal in furtherance of its infringement theories or any reasonably understood scope of the claims.[9]   35 U.S.C. § 112 ¶ 1[10] requires the specification to contain "a written description of the invention."  To fulfill the written description requirement, the specification "must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed."  *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (citation omitted).  To satisfy the written description requirement, "the applicant must 'convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention,' and demonstrate that by disclosure in the specification of the patent."  *Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.*, 541 F.3d 1115, 1122 (Fed. Cir. 2008) (quoting *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991)).  The Asserted Patents do not meet that requirement.[11]

Additionally, the Asserted Patents do not enable the claim scope contended in VoIP-Pal's Infringement Contentions.[12]  Title 35 U.S.C. § 112 ¶ 1 requires the specification to describe "the manner and process of making and using [the invention], in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains … to make and use the [invention]."  The enablement requirement is separate from and in addition to the written description requirement.  *Ariad*, 598 F.3d at 1344.  This "requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation."  *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1244 (Fed. Cir.

---

[9]  This is also true of the original application(s) that gave rise to the Asserted Patents.  For ease of reference, Defendants refer only to the issued specification.

[10]  Because the original applications that gave rise to the Asserted Patents was filed prior to September 16, 2012, Defendants apply pre-AIA 35 U.S.C. § 112 ¶ 1 here.  However, to the extent that any other form of the patent statute (e.g., post-AIA) regarding invalidity for indefiniteness, non-enablement, or lack of written description applies, Defendants' contentions and analysis apply just the same.

[11]  Nor does any provisional application to which the Asserted Patents claim priority meet either of the enablement or written description requirements.

[12]  This is also true of the original application(s) that gave rise to the Asserted Patents.  For ease of reference, Defendants refer only to the issued specification.

2003) (citation omitted); *see Wyeth & Cordis Corp. v. Abbott Laboratories*, 720 F.3d 1380 (Fed. Cir. 2013).  The Asserted Patents do not meet that requirement.

The Asserted Claims fail to satisfy the written description and enablement requirements due to at least the following claim language or limitations:

a.      Both Asserted Patents

- "call routing controller," "call routing apparatus," "call routing controller apparatus";
    - o   Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
    - o   If these preamble terms are found to be substantive limitations, the '815 and '005 Patents do not demonstrate possession of, or enable skilled artisans to practice the "call routing controller," "call routing apparatus," "call routing controller apparatus" limitations, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications define a "call routing controller," "call routing apparatus," or "call routing controller apparatus," or explains what these items are as distinct from the call controller and routing controller.
- "public network";
    - o   Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
    - o   The '815 and '005 Patents do not demonstrate possession of, or enable skilled artisans to practice the "public network" limitation, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications define a public network, or provide what qualities a network must have in order to be "public."
- "private network";
    - o   Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.

45

- o The '815 and '005 Patents do not demonstrate possession of, or enable skilled artisans to practice the "private network" limitation, including in view of VoIP-Pal's infringement claims and contentions.   Neither the claims nor the specifications define a private network, or provide what qualities a network must have in order to be "private."

- "public network classification criterion[/criteria]";
  - o Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
  - o The '815 and '005 Patents do not demonstrate possession of, or enable skilled artisans to practice the "public network classification criterion" limitation, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications explain or define what the criterion or criteria are e.g., what criteria correlate with the public network.

- "private network classification criterion";
  - o Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
  - o The '815 and '005 Patents do not demonstrate possession of, or enable skilled artisans to practice the "private network classification criterion" limitation, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications explain or define what the criterion or criteria are e.g., what criteria correlate with the private network.

- "means for causing the private network routing message or the public network routing message to be communicated to a call controller to effect routing of the call."
  - o Renders invalid asserted '815 claim 111 and '005 claim 73.
  - o The '815 and '005 Patents do not demonstrate possession of, or enable skilled artisans to practice, causing the private network routing message or the public network routing message to be communicated to a call controller to effect routing of the call because the specification does not provide an adequate structure or

algorithm to describe or enable the limitation, including in view of VoIP-Pal's infringement claims and contentions.

    b.    '815 Patent

- "determining a match when at least one of said calling attributes matches at least a portion of said callee identifier";

  o Renders invalid asserted '815 claims 1, 7, 12, 27.

  o The '815 Patent does not demonstrate possession of, or enable skilled artisans to "determin[e] a match when at least one of said calling attributes matches at least a portion of said callee identifier," including in view of VoIP-Pal's infringement claims and contentions.  The patent does not provide how to compare a calling attribute to a callee identifier, in what way the calling attribute and callee identifier need to match, or what "portion" of the callee identifier and calling attribute must match to be considered a match.

- "means for determining a match when at least one of said calling attributes matches at least a portion of said callee identifier";

  o Renders invalid asserted '815 claim 28.

  o The '815 Patent does not demonstrate possession of, or enable skilled artisans to practice "means for determining a match when at least one of said calling attributes matches at least a portion of said callee identifier," including in view of VoIP-Pal's infringement claims and contentions.  The patent does not provide how to compare a calling attribute to a callee identifier, in what way the calling attribute and callee identifier need to match, or what "portion" of the callee identifier and calling attribute must match to be considered a match.

- "classifying said call as a private network call when said reformatted callee identifier identifies a subscriber to the private network";

  o Renders invalid asserted '815 claim 12.

- o   The '815 Patent does not demonstrate possession of, or enable skilled artisans to practice "classifying said call as a private network call when said reformatted callee identifier identifies a subscriber to the private network," including in view of VoIP-Pal's infringement claims and contentions.  The patent does not describe how the reformatted callee identifier identifies a subscriber to the private network.

c.       '005 Patent

- "first network";
  - o   Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o   The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice the "first network" limitation, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specification define a first network, or provide what qualities a network must have in order to be a "first" network.

- "second network";
  - o   Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o   The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice the "second network" limitation, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specification define a second network, or provide what qualities a network must have in order to be a "second" network.

- "first network classification criterion";
  - o   Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o   The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice the "first network classification criterion" limitation, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specification explain or define what the criterion or criteria are – e.g., what criteria correlate with the first network.

48

- "second network classification criterion";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice the "second network classification criterion" limitation, including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specification explain or define what the criterion or criteria are – e.g., what criteria correlate with the second network.
- "first portion";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice the limitation regarding the "first portion" of the packet switched network, including in view of VoIP-Pal's infringement claims and contentions. The patent does not provide any description of what constitutes or defines a first portion of the packet switched network, or what qualities or capabilities it has.
- "second portion";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice the limitation regarding the "second portion" of the packet switched network, including in view of VoIP-Pal's infringement claims and contentions. The patent does not provide any description of what constitutes or defines a second portion of the packet switched network, or what qualities or capabilities it has.
- "entity"; and
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice the "entity" limitation, including in view of VoIP-Pal's infringement claims and contentions.  The asserted claims only provides that an "entity" controls a first or second portion of a packet switched network, but the patent does

49

not provide any definition for or qualities of what constitutes such an entity, or how the entity controls the first or second portion of the packet switched network.

- "means for using a caller identifier associated with the caller to locate a caller dialing profile comprising a plurality of calling attributes associated with the caller."
  - Renders invalid asserted '005 claim 73.
  - The '005 Patent does not demonstrate possession of, or enable skilled artisans to practice "means for using a caller identifier associated with the caller to locate a caller dialing profile comprising a plurality of calling attributes associated with the caller," including in view of VoIP-Pal's infringement claims and contentions. The patent does not describe how the caller dialing profile is located using a caller identifier, or which calling attributes comprise the caller dialing profile.

Defendants reserve the right to amend this list.

### 5.    Invalidity Of The Asserted Patents Based On 35 U.S.C. § 112 For Indefiniteness.

The Asserted Claims of the Asserted Patents are invalid for failing to comply with the definiteness requirement of 35 U.S.C. § 112.  Defendants note that Defendants' charting of a prior art reference for a claim or limitation that Defendants contend is invalid for lack of definiteness in no way represents an admission or concession that the scope of the claim or limitation is definite or ascertainable.

Title 35 U.S.C. § 112 ¶ 2 requires that a patent claim "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention."  Claim terms that fail to inform those skilled in the art "with reasonable certainty . . . about the scope of the invention" fail the definiteness requirement of § 112 ¶ 2.  *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014).

All Asserted Claims are invalid as indefinite because, at a minimum, the limitations identified in this section, read in light of the intrinsic evidence, fail to inform those skilled in the art with reasonable certainty about the scope of the claimed inventions:

a.    Both Asserted Patents

- "call routing controller," "call routing apparatus," "call routing controller apparatus";
  - o  Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
  - o  If these preamble terms are found to be substantive limitations, the '815 and '005 Patents fail to inform those skilled in the art with reasonable certainty about the scope of the terms "call routing controller," "call routing apparatus," "call routing controller apparatus" including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications explain what that these terms mean or what these items are as distinct from the call controller and routing controller.
- "public network";
  - o  Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
  - o  The '815 and '005 Patents fail to inform those skilled in the art with reasonable certainty about the scope of the term "public network," including in view of VoIP-Pal's infringement claims and contentions.   Neither the claims nor the specifications explain what that term means – e.g., what qualities a network must have in order to fall within the meaning of "public" in the claims.
- "private network";
  - o  Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
  - o  The '815 and '005 Patents fail to inform those skilled in the art with reasonable certainty about the scope of the term "private network," including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications explain what that term means e.g., what qualities a network must have in order to fall within the meaning of "private" in the claims.

51

- "public network classification criterion";
  - o Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
  - o The '815 and '005 Patents fail to inform those skilled in the art with reasonable certainty about the scope of the term "public network classification criterion," including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications explain what the criterion or criteria are e.g., what criteria correlate with the public network.
- "private network classification criterion";
  - o Renders invalid asserted '815 claims 1, 7, 12, 27, 28, 72, 73, 92, and 111; and '005 claims 49 and 73.
  - o The '815 and '005 Patents fail to inform those skilled in the art with reasonable certainty about the scope of the term "private network classification criterion," including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specifications explain what the criterion or criteria are e.g., what criteria correlate with the private network.
- "means for causing the private network routing message or the public network routing message to be communicated to a call controller to effect routing of the call;"
  - o Renders invalid asserted '815 claim 111 and '005 claim 73.
  - o The '815 and '005 Patents fail to inform those skilled in the art with reasonable certainty about the scope of the limitation "means for causing the private network routing message or the public network routing message to be communicated to a call controller to effect routing of the call" because the specification does not provide an adequate structure or algorithm to describe or enable the limitation, including in view of VoIP-Pal's infringement claims and contentions.

b.      '815 Patent

- "determining a match when at least one of said calling attributes matches at least a portion of said callee identifier";
  - o  Renders invalid asserted '815 claims 1, 7, 12, and 27.
  - o  The '815 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "determining a match when at least one of said calling attributes matches at least a portion of said callee identifier," including in view of VoIP-Pal's infringement claims and contentions.  The patent does not define how to compare a calling attribute to a callee identifier, in what way the calling attribute and callee identifier need to match, or what "portion" of the callee identifier and calling attribute must match to be considered a match.

- "means for determining a match when at least one of said calling attributes matches at least a portion of said callee identifier";
  - o  Renders invalid asserted '815 claim 28.
  - o  The '815 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the limitation "means for determining a match when at least one of said calling attributes matches at least a portion of said callee identifier," including in view of VoIP-Pal's infringement claims and contentions.  The patent does not define how to compare a calling attribute to a callee identifier, in what way the calling attribute and callee identifier need to match, or what "portion" of the callee identifier and calling attribute must match to be considered a match.

- "classifying said call as a private network call when said reformatted callee identifier identifies a subscriber to the private network";
  - o  Renders invalid asserted '815 claim 12.
  - o  The '815 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the limitation "classifying said call as a private network call when said reformatted callee identifier identifies a subscriber to the private

53

network," including in view of VoIP-Pal's infringement claims and contentions. The patent does not define how the reformatted callee identifier identifies a subscriber to the private network.

    c.    '005 Patent

- "first network";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "first network" limitations, including in view of VoIP-Pal's infringement claims and contentions. Neither the claims nor the specification define a first network, or provide what qualities a network must have in order to be a "first" network.

- "second network";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "second network" limitations, including in view of VoIP-Pal's infringement claims and contentions. Neither the claims nor the specification define a second network, or provide what qualities a network must have in order to be a "second" network.

- "first network classification criterion";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "first network classification criterion," including in view of VoIP-Pal's infringement claims and contentions. Neither the claims nor the specification explain what the criterion or criteria are e.g., what criteria correlate with the first network.

- "second network classification criterion";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.

- o The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "second network classification criterion," including in view of VoIP-Pal's infringement claims and contentions.  Neither the claims nor the specification explain what the criterion or criteria are e.g., what criteria correlate with the second network.

- "first portion";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "first portion" of the packet switched network, including in view of VoIP-Pal's infringement claims and contentions.  The patent does not provide any definition of what constitutes or defines a first portion of the packet switched network.

- "second portion";
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "second portion" of the packet switched network, including in view of VoIP-Pal's infringement claims and contentions.  The patent does not provide any definition of what constitutes or defines a second portion of the packet switched network.

- "entity"; and
  - o Renders invalid asserted '005 claims 74, 75, 77, 78, 83, 84, 94, 96, and 99.
  - o The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the term "entity," including in view of VoIP-Pal's infringement claims and contentions.  The patent only provides that an "entity" controls a first or second portion of a packet switched network – it does not provide any definition for or qualities of what constitutes such an entity.

- "means for using a caller identifier associated with the caller to locate a caller dialing profile comprising a plurality of calling attributes associated with the caller";

55

o   Renders invalid asserted '005 claim 73.

o   The '005 Patent fails to inform those skilled in the art with reasonable certainty about the scope of the limitation "means for using a caller identifier associated with the caller to locate a caller dialing profile comprising a plurality of calling attributes associated with the caller," including in view of VoIP-Pal's infringement claims and contentions.  The patent does not provide an adequate structure or algorithm to achieve the function, and does not define how the caller dialing profile is located using a caller identifier, or which calling attributes comprise the caller dialing profile.

Defendants reserve the right to amend this list.

### 6.    The Asserted Patents Are Directed To Patent-Ineligible Subject Matter

All of the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. § 101 for claiming ineligible subject matter.  The basis for the invalidity of the claims under § 101 is set forth in Defendants' motion to dismiss. *See VoIP-Pal.com, Inc. v. Twitter, Inc.*, No. 18-cv-04523-LHK, Dkt. No. 71; *VoIP-Pal.com, Inc. v. Cellco Partnership*, 18-cv-06054-LHK, Dkt. No.123; *VoIP-Pal.com, Inc. v. AT&T Corp.*, No. 3:18-cv-06177-LHK, Dkt. No. 63; *VoIP-Pal.com, Inc. v. Apple Inc.*, No. 18-cv-06217-LHK, Dkt. No. 75.

### 7.    Document Production

Pursuant to the Court's Scheduling Order and concurrent with service of these Initial Invalidity Contentions, Defendants are also producing documents related to their Initial Invalidity Contentions.  The copies of the documents will be sent under separate cover.

Dated: March 18, 2019

By:     /s/ Gene W. Lee
        Gene W. Lee

PERKINS COIE LLP
Gene W. Lee (*pro hac vice*)
Thomas Matthew (*pro hac vice*)
30 Rockefeller Plaza 22nd Floor
New York, NY 10112-0015
Telephone: (212) 262-6900
Facsimile: (212) 977-1638
GLee@perkinscoie.com
TMatthew@perkinscoie.com

Sarah Stahnke (SBN 264838)
Amisha Manek (SBN 305163)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4489
SStahnke@perkinscoie.com
AManek@perkinscoie.com

*Attorneys for Defendant Twitter, Inc*

By:     /s/ Megan S. Woodworth
        Megan S. Woodworth

VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice*)
Megan S. Woodworth (*pro hac vice*)
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4569
Facsimile: (202) 344-8300
mswoodworth@venable.com
fccimino@venable.com

William A. Hector (SBN 298490)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755
WAHector@venable.com

*Attorneys for Defendant Cellco Partnership
d/b/a Verizon Wireless*

By:___/s/ B.C. Borent_____
      B.C. Borent

BAKER BOTTS LLP
Bryant C. Boren, Jr.
1001 Page Mill Road, Bldg. One, St. 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7601
bryant.c.boren@bakerbotts.com

Wayne O. Stacy
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6206
Facsimile: (415) 291-6306
wayne.stacy@bakerbotts.com

Samir A. Bhavsar (*pro hac vice* pending)
Morgan Grissum (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-4581
samir.bhavsar@bakerbotts.com
morgan.grissum@bakerbotts.com

*Attorneys for Defendant AT&T Corp.*

By:___/s/ Peter C. Magic_____
      Peter C. Magic

DESMARAIS LLP
John M. Desmarais (SBN 320875)
Ameet A. Modi (admitted *pro hac vice*)
Robert A. Harrits (admitted *pro hac vice*)
Michael J. X. Matulewicz-Crowley (admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com
rharrits@desmaraisllp.com
mmatulewicz-crowley@desmaraisllp.com

Peter C. Magic (SBN 278917)
101 California Street
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
pmagic@desmaraisllp.com

*Attorneys for Defendant Apple Inc.*