UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VOIP-PAL.COM, INC.,<br><br>　　　　Defendant. | Case No. 20-CV-02460-LHK<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 75 |

Plaintiff Apple Inc. ("Apple") sues Defendant VoIP-Pal.com, Inc. ("Defendant") for a declaration of non-infringement and invalidity of U.S. Patent No. 10,218,606 ("the '606 patent") and U.S. Patent No. 9,935,872 ("the '872 patent"). Before the Court is Defendant's motion to dismiss Apple's amended complaint, ECF No. 75. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Defendant's motion to dismiss.

## I.    BACKGROUND

The instant case is one chapter in a long dispute between the parties regarding whether Apple infringes Defendant's patents, which relate to a system for routing internet-protocol communications. Below, the Court discusses in turn: (1) the parties; (2) Defendant's first set of lawsuits against Apple, AT&T, Verizon, and Twitter, originally filed in the District of Nevada in 2016 ("the 2016 cases"); (3) Defendant's second set of lawsuits against Apple and Amazon,

originally filed in the District of Nevada in 2018 ("the 2018 cases"); (4) Defendant's third set of lawsuits against Apple, AT&T, Verizon, Amazon, Facebook, and Google, filed in the Western District of Texas in April of 2020 ("the 2020 Texas cases"); (5) Defendant's fourth set of lawsuits against Apple, AT&T, Verizon, Amazon, Facebook, Google, and T-Mobile, filed in the Western District of Texas in June of 2021 ("the 2021 Texas cases"); and (6) the instant case, which was filed by Apple in April of 2020.

### A. The Parties

Plaintiff Apple is a California corporation with its principal place of business in Cupertino, California. ECF No. 1 ¶ 7. Apple "designs, manufactures, and markets mobile communication and media devices and personal computers, and sells a variety of related software, services, accessories, networking solutions, and third-party digital content and applications." *Id.* Apple "provides, supports, and/or operates messaging technology, including iMessage, an instant messaging service supported by Apple's Messages application and computer infrastructure that allows smartphone and desktop users to send messages including text, images, video and audio to other users." *VoIP-Pal.Com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110, 1117 (N.D. Cal. 2019) (quotation omitted). Defendant VoIP-Pal is a Nevada corporation with its principal place of business in Waco, Texas. ECF No. 1 ¶ 8; ECF No. 90 at 1. Defendant owns a portfolio of patents relating to Internet Protocol based communication. *VoIP-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 930 (N.D. Cal. 2019).

### B. The 2016 Cases

In 2016, Defendant filed the following cases against Apple, Verizon, AT&T, and Twitter in the District of Nevada for infringement of U.S. Patent Nos. 8,542,815 ("the '815 patent"), and 9,179,005 ("the '005 patent"), both of which relate to a system for routing calls between a caller and a callee over Internet Protocol:

- *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 18-CV-06217-LHK

- *VoIP-Pal.Com, Inc. v. Twitter, Inc.*, Case No. 18-CV-04523-LHK

- *VoIP-Pal.Com, Inc. v. Verizon Wireless Servs. LLC*, Case No. 18-CV-06054-LHK
- *VoIP-Pal.Com, Inc. v. AT&T Corp.*, Case No. 18-CV-06177-LHK

The District of Nevada stayed the cases pending *inter partes* review. *Id.* After the stays were lifted, on February 28, 2018, Twitter moved to change venue to the Northern District of California. *VoIP-Pal.Com, Inc. v. Twitter, Inc.*, Case No. 16-CV-02338, 2018 WL 3543031, at *1 (D. Nev. July 23, 2018). On July 23, 2018, the District of Nevada granted Twitter's motion for change of venue to the Northern District of California. *Id.* On October 1, 2018, the District of Nevada granted Verizon and Defendant's stipulation to transfer the case to the Northern District of California. *VoIP-Pal.Com*, 375 F. Supp. 3d at 1121. On October 4, 2018, the District of Nevada granted AT&T and Defendant's stipulation to transfer the case to the Northern District of California. *Id.* The following day, the District of Nevada granted Apple and Defendant's stipulation to transfer the case to the Northern District of California. *Id.* As a result, all four cases were transferred to the Northern District of California and assigned to this Court, where they were consolidated.

On March 25, 2019, this Court granted Apple, AT&T, Verizon, and Twitter's consolidated motion to dismiss all four cases. *Id.* at 1117. In a 45-page order, the Court concluded that the '815 and '005 patents were unpatentable under 35 U.S.C. § 101. *Id.* at 1138, 1144. On March 16, 2020, the Federal Circuit affirmed this Court's decision. *VoIP-Pal.Com, Inc. v. Apple, Inc.*, 798 F. App'x 644, 645 (Fed. Cir. 2020). On May 18, 2020, the Federal Circuit denied Defendant's petition for panel or en banc rehearing. *VoIP-Pal.Com, Inc. v. Twitter*, Case No. 2019-1808, ECF No. 99.

**C. The 2018 Cases**

In 2018, Defendant filed the following cases against Apple and Amazon in the District of Nevada for infringement of U.S. Patent Nos. 9,537,762 ("the '762 patent"); 9,813,330 ("the '330 patent"); 9,826,002 ("the '002 patent"); and 9,948,549 ("the '549 patent"), which relate to a system for routing communications over Internet Protocol:

- *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 18-CV-06216-LHK

3

- *VoIP-Pal.Com, Inc. v. Amazon.com, Inc.*, Case No. 18-CV-07020-LHK

The lawsuits against Apple and Amazon were transferred from the District of Nevada to this Court, where they were consolidated and related to the 2016 cases. *Id.*

On November 1, 2019, this Court granted Apple and Amazon's consolidated motion to dismiss both cases with prejudice. *Id.* at 930. As in the 2016 Cases, the Court concluded, in a 68-page order, that the four patents were unpatentable under 35 U.S.C. § 101. *Id.* at 941. On November 3, 2020, the Federal Circuit affirmed this Court's decision. *VoIP-Pal.Com, Inc. v. Apple, Inc.*, 828 F. App'x 717, 717 (Fed. Cir. 2020).

### D. The 2020 Texas Cases

In April of 2020, Defendant filed the following cases against Apple, AT&T, Verizon, Amazon, Facebook, and Google in the Waco Division of the Western District of Texas for infringement of the '606 patent:

- *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA (W.D. Tex. Apr. 7, 2020)

- *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA (W.D. Tex. Apr. 2, 2020)

- *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269-ADA (W.D. Tex. Apr. 3, 2020)

- *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc..*, Case No. 20-CV-00272-ADA (W.D. Tex. Apr. 6, 2020)

- *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA (W.D. Tex. Apr. 24, 2020)

- *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA (W.D. Tex. Apr. 24, 2020).

Like the six patents that were the subjects of the 2016 and 2018 Cases, the '606 patent relates to a system for routing communications over Internet Protocol. Specifically, the '606 patent shares a common specification, title, parent application, inventors, and owner with Defendants' six other patents that were examined by this Court in the 2016 and 2018 cases. *Compare* ECF No. 1-1

4

Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

*with VoIP-Pal.Com*, *Inc. v. Apple Inc.*, Case No. 18-CV-06217-LHK, ECF No. 1-2.

In July 2020, all six defendants moved for a stay pending the Northern District of California's determination of jurisdiction over the instant cases or for transfer to the Northern District of California. *See VoIP-Pal.Com, Inc. v. Facebook*, Case No. 20-CV-00267-ADA, ECF No. 26; *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269- ADA, ECF No. 18; *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc.*, Case No. 20-CV-00272-ADA, ECF No. 26; *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV00275-ADA, ECF No. 17; *VoIP-Pal.Com, Inc. v. AT&T, Inc.*, Case No. 20-CV-00325-ADA, ECF No. 22; *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 17. Specifically, on July 9, 2020, Apple filed a motion to stay, or in the alternative to transfer the case against Apple. *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 17. On September 29, 2020, United States District Judge Alan Albright of the Western District of Texas stayed the six cases pending before him, including the case against Apple. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 43.

On March 24, 2021, following the Federal Circuit's denial of Defendant's petition for a writ of mandamus, which the Court will discuss later, Defendant voluntarily dismissed Defendant's 2020 case against Apple in the Western District of Texas. *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 49. On the same day, Defendant consented to AT&T's motion to dismiss the 2020 case in the Western District of Texas. *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA, ECF No. 51. That same day, Defendant consented to Verizon's motion to dismiss Defendant's 2020 case against Verizon in the Western District of Texas. *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 47. On March 25, 2021, Judge Albright granted AT&T's motion to dismiss the 2020 case without prejudice. *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA, ECF No. 53. On April 1, 2021, Judge Albright granted Verizon's motion to dismiss Defendant's 2020 case against Verizon without prejudice. *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 49.

On March 24, 2021, Defendant filed a notice of related cases in its 2020 cases against Amazon, Facebook, and Google, which informed the Western District of Texas court of the instant motion to dismiss and stated the following: "VoIP-Pal believes that the [instant motion to dismiss] resolve[s] or will soon resolve all pending actions involving the '606 patent between VoIP-Pal and Apple, AT&T, and Verizon, who are the only parties in the above-identified cases that (1) have co-pending declaratory judgment actions in the Northern District of California and (2) are asserting first-filed status based on those actions. Additionally, because VoIP-Pal's covenant not to sue in the Twitter case resolves or will soon resolve that action, there will soon be no pending cases in the Northern District of California involving the '606 patent. As such, VoIP-Pal's WDTX cases against Amazon, Google, and Facebook will soon be the only pending cases in any court involving the '606 patent." *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 49.

Amazon, Facebook, and Google's motions for transfer to the Northern District of California, which were filed in the Western District of Texas in July 2020, remain pending and stayed. *See VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 26; *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269- ADA, ECF No. 18; *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc.*, Case No. 20-CV-00272-ADA, ECF No. 26. Moreover, Defendant's 2020 cases against Amazon, Facebook, and Google remain pending in the Western District of Texas and have been stayed since September 29, 2020. *See VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 38.

**E. The 2021 Texas Cases**

On June 25, 2021, Defendant filed the following lawsuits against Apple, AT&T, Verizon, Amazon, Facebook, Google and T-Mobile in the Waco Division of the Western District of Texas for infringement of United States Patent Nos. 8,630,234 ("the '234 patent") and 10,880,721 ("the '721 patent"):

- *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 21-CV-00670-ADA (W.D. Tex. June 25, 2021)

6
Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

- *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 21-CV-00665-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 21-CV-00667-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc.*, Case No. 21-CV-00668-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 21-CV-00671-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 21-CV-00672-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. T-Mobile US, Inc.*, Case No. 21-CV-00674-ADA (W.D. Tex. June 25, 2021).

The '234 patent and the '721 patent concern the same technology as the patents involved in the 2016 cases, the 2018 cases, the 2020 Texas cases, and the instant case. Moreover, the 2021 cases involve the same accused products as the 2016 cases, the 2020 Texas cases, and the instant case.

On June 30, 2021, AT&T sued Defendant in this district for a declaration of non-infringement and invalidity of the '234 patent and the '721 patent. *See* Case No. 21-CV-05078, ECF No. 1 (N.D. Cal. June 30, 2021). On July 1, 2021, Apple sued Defendant in this district for a declaration of non-infringement and invalidity of the '234 patent and the '721 patent. *See* Case No. 21-CV-05110, ECF No. 1 (N.D. Cal. July 1, 2021).

**F. The Instant Case**

On April 10, 2020, after Defendant filed the 2020 Texas cases, Apple sued Defendant for a declaration of non-infringement and invalidity of the '606 patent. ECF No. 1. On April 14, 2020, Apple amended its complaint to also seek a declaration of non-infringement and invalidity of the '872 patent. ECF No. 10. Like the '606 patent, the '872 patent shares a common specification, title, parent application, inventors, and owner with Defendants' six other patents that were examined by this Court in the 2016 and 2018 cases. *Compare* ECF No. 10-2 with *VoIP-Pal.Com,*

7
Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

*Inc. v. Apple Inc.*, Case No. 18-CV-06217-LHK, ECF No. 1-2.

In April and May 2020, AT&T, Verizon, and Twitter filed similar lawsuits against Defendant. *See* Case No. 20-CV-2995-LHK, ECF No. 1 ("the AT&T case"); Case No. 20-CV-03092-LHK, ECF No. 1 ("the Verizon case"); Case No. 20-CV-02397-LHK, ECF No. 1 ("the Twitter case").

On April 27, 2020, this Court granted Apple's motion to relate its declaratory judgment action to the 2016 case against Apple. ECF No. 18. On May 26, 2020, this Court related the instant case to the AT&T, Verizon, and Twitter cases. ECF No. 24.

On July 10, 2020, Defendant filed a consolidated motion to dismiss the instant case, the AT&T case, and the Verizon case. ECF No. 32. On December 11, 2020, the Court denied Defendant's motion to dismiss. ECF No. 60. The Court declined to apply the first-to-file rule in favor of the 2020 Texas cases, which were filed days before the instant case, because the Court concluded that it would be more efficient for this Court, which had already ruled on the patentability of Defendant's six other patents, to resolve the instant case. *Id.* at 9–14. The Court also concluded that the Court had personal jurisdiction over the instant case because Defendant had purposefully directed its enforcement activities towards the forum state. *Id.* at 14–23.

On January 13, 2021, Defendant filed a petition for a writ of mandamus in the Federal Circuit, where Defendant contended that this Court had abused its discretion in declining to apply the first-to-file rule. ECF No. 63. That same day, Defendant filed a motion to stay the instant case pending resolution of Defendant's petition for a writ of mandamus. ECF No. 65. On January 14, 2021, this Court granted Defendant's motion to stay the instant case over Apple, AT&T, and Twitter's objections. ECF No. 66.

On February 19, 2021, the Federal Circuit denied Defendant's petition for a writ of mandamus. *In re VoIP-Pal.Com, Inc.*, 845 F. App'x 940 (Fed. Cir. 2021). The Federal Circuit concluded that this Court did not clearly abuse its discretion in declining to apply the first-to-file rule. *Id.* at 941. The Federal Circuit held that "the conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's

8

Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

familiarity with the overlapping issues is particularity well supported" because the patents in the current cases and prior cases all shared a common specification, title, parent application, and inventors; the current cases and prior cases involved similar technology and accused products; and the Court had previously written a total of 113 pages on the validity of the patents. *Id.* at 942.

On February 25, 2021, following the Federal Circuit's decision on Defendant's petition for a writ of mandamus, this Court set another case schedule. ECF No. 69. The Court set a March 24, 2021 deadline for disclosure of asserted claims and infringement contentions. *Id.*

On March 24, 2021, instead of serving asserted claims and infringement contentions, Defendant filed the instant motion to dismiss. ECF No. 75 ("Mot."). The instant motion to dismiss granted Apple the following covenant not to sue:

> VoIP-Pal unconditionally and irrevocably covenants not to sue Apple for infringement of any claim of the '606 and '872 patents based on the products and/or services that Apple is currently making, using, selling, offering for sale, or importing, including, but not limited to, the products and/or services Apple states in the FAC do not infringe the patents-in-suit, at any time before the date of this covenant.

Mot. at 3.

On April 21, 2021, Apple filed an opposition. ECF No. 80 ("Opp'n").

On May 5, 2021, Defendant filed a reply. ECF No. 82 ("Reply"). Defendant's reply changed the covenant not to sue to the following:

> VoIP-Pal.com, Inc. unconditionally and irrevocably covenants not to sue Apple Inc., now or in the future, for infringement of any claim of U.S. Patent Nos. 9,935,872 and 10,218,606 based on any products and services that Apple Inc. is currently making, using, selling, offering for sale, or importing as of the date of this covenant or any products and services that Apple Inc. made, used, sold, offered for sale, or imported at any time before the date of this covenant.

Reply at 1.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Under Rule 12(b)(1)

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. While lack of statutory standing requires

dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction," the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.*

Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

10
Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

1    quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing

2    amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

3    moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

4    (9th Cir. 2008).

## III.   DISCUSSION

In the instant motion to dismiss, Defendant contends that the Court lacks subject matter jurisdiction over the instant case because Defendant granted Apple a covenant not to sue. Mot. at 3–4. For the reasons below, the Court concludes that the Court retains subject matter jurisdiction over the instant case.

"A declaratory judgment counterclaim, according to the relevant procedural provision, may be brought to resolve an 'actual controversy' between 'interested' parties." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1057 (Fed. Cir. 1995) (quoting 28 U.S.C. § 2201(a)). "The existence of a sufficiently concrete dispute between the parties remains, however, a jurisdictional predicate to the vitality of such an action." *Id.* The "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The burden is on the plaintiff "to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [complaint] was filed." *International Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 575 (Fed. Cir. 1986). "Whether an actual case or controversy exists so that a district court may entertain an action for declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) (quotation omitted).

The court has subject matter jurisdiction in a declaratory judgment action when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation omitted); *see also Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008) (stating

that, in determining whether subject matter jurisdiction exists in a declaratory judgment action, "'all the circumstances' must be considered") (quoting *MedImmune*, 549 U.S. at 127). Under the "all the circumstances" test, courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune*, 549 U.S. at 136 (quotation omitted).

The Federal Circuit has recognized that "a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts, even when a reissue application covering the same claimed subject matter is then pending." *Super Sack Mfg. Corp.*, 57 F.3d at 1058 (citing *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 636–38 (Fed. Cir. 1991)). However, a covenant not to sue does not always divest a court of jurisdiction. *See ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1370 (Fed. Cir. 2017) (recognizing that a covenant not to sue "sometimes" deprives a court of subject matter jurisdiction); *see also Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 2015 WL 7874323, at *3 (N.D. Cal. Dec. 3, 2015) ("[A] covenant not to sue does not always divest the trial court of jurisdiction over the case."). "Although a patentee's grant of a covenant not to sue a potential infringer can sometimes deprive a court of subject matter jurisdiction, the patentee bears the formidable burden of showing that it could not reasonably be expected to resume its enforcement activities against the covenanted, accused infringer." *ArcelorMittal*, 856 F.3d at 1370 (internal quotation marks and citations omitted).

In assessing the impact of a covenant not to sue on subject matter jurisdiction in a declaratory judgment action, courts consider all the circumstances. *See MedImmune*, 549 U.S. at 127 (stating that the court has subject matter jurisdiction when "the facts alleged, under all the circumstances, show that there is a substantial controversy"). Accordingly, the Federal Circuit has concluded that a covenant not to sue was not sufficient to divest the court of subject matter jurisdiction when the patentee had already brought infringement lawsuits or taken significant steps towards such lawsuits. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1299 (Fed. Cir. 2009) (concluding that the court retained subject matter jurisdiction despite a covenant

12

not to sue because "[t]hese parties are already in infringement litigation initiated by the patentee [and] the case has been pending since 2003"); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1382–83 (Fed. Cir. 2007) ("We decline to hold that [ST's representative's] statement that ST would not sue SanDisk eliminates the justiciable controversy created by ST's actions, because ST has engaged in a course of conduct that shows a preparedness and willingness to enforce its patent rights"); *see also ActiveVideo Networks, Inc. v. TransVideo Elecs., Inc.*, 975 F. Supp. 2d 1083, 1097–98 (N.D. Cal. 2013) (listing factors that the Federal Circuit has considered in determining whether a patentee has taken an affirmative act to support declaratory judgment jurisdiction, including any prior litigation between the parties).

In assessing the impact of a covenant not to sue on subject matter jurisdiction in a declaratory judgment action, courts must consider what is covered by the covenant not to sue. *See Revolution Eyewear, Inc*, 556 F.3d at 1297 ("Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant"). "A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

For example, in *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, the Federal Circuit considered whether a covenant not to sue divested the court of jurisdiction. 556 F.3d at 1297. In that case, the patentee, Revolution, initiated infringement litigation against Aspex, and Aspex made declaratory judgment counterclaims. *Id.* at 1295. Four years into the litigation, after a summary judgment of invalidity (which was later reversed by the Federal Circuit) and on the eve of trial on the question of enforceability, Revolution issued a covenant not to sue, which stated: "Revolution . . . hereby unconditionally covenant[s] not to sue Aspex for patent infringement under the '913 patent based upon any activities and/or products made, used, or sold on or before the dismissal of this action." *Id.* at 1296, 1299. The Federal Circuit held that Revolution's covenant not to sue was insufficient to eliminate jurisdiction over Aspex's counterclaims. *Id.* at 1300. The Federal Circuit relied on the lengthy history of infringement litigation between the

13

parties and emphasized that the covenant not to sue was issued "on the eve of trial." *See id.* at 1299 ("These parties are already in infringement litigation initiated by the patentee, the case has been pending since 2003, and already has produced a summary judgment of invalidity (which was later vacated by this court); the patentee filed its covenant in 2007, after four years of litigation, on the eve of trial of the question of enforceability.") (internal citation omitted).[1]

Similarly, this Court concludes that, considering all the circumstances, a substantial controversy remains. Defendant has been litigating patent enforcement actions against Apple since 2016, when Defendant sued Apple for infringing two patents. *VoIP-Pal.Com*, 375 F. Supp. 3d at 1122. Then, in 2018, Defendant sued Apple for infringing four patents. *VoIP-Pal.Com, Inc.*, 411 F. Supp. 3d at 931. This Court invalidated Defendant's six patents, and this Court's rulings were affirmed by the Federal Circuit. *See VoIP-Pal.Com, Inc.*, 375 F. Supp. 3d at 1110, *aff'd*, 798 F. App'x 644 (Fed. Cir. 2020); *VoIP-Pal.Com, Inc.*, 411 F. Supp. 3d at 926, *aff'd*, 828 F. App'x 717 (Fed. Cir. 2020).

After the Federal Circuit affirmed the first of this Court's rulings invalidating Defendant's patents, Defendant's CEO stated: "[w]e are undeterred in our fight to assert our intellectual property rights . . . I can tell you, we are not finished . . . We remain firm in our resolve to achieve monetization for our shareholders and will continue to see this fight through until a successful resolution is reached." ECF No. 60 at 26.

In 2019, at a case management conference in the 2016 cases, Defendant represented to this Court that Defendant did not then intend to file additional lawsuits against Apple. ECF No. 60 at 27 n.5 (The Court: "Are we just going to keep getting more continuations and then are you going to assert those four continuations against the other Defendants here?" Counsel: "Your Honor, at this time there's no intention to assert any of the other patents against any of the other defendants. I can't promise you that that would never change, but that is not the current intent.").

---

[1] The Federal Circuit further concluded that jurisdiction existed because "Revolution's covenant did not extend to future sales of the same product as was previously sold." *Revolution Eyewear, Inc.*, 556 F.3d at 1298, 1300.

14

Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

However, in April 2020, Defendant sued Apple, AT&T, and several other parties in the Waco Division of the Western District of Texas for infringement of the '606 patent. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 1 (W.D. Tex. Apr. 7, 2020). Three days later, Apple filed the instant case for a declaratory judgment of non-infringement and invalidity of the '606 patent in this district. ECF No. 1.

In an attempt to change venue from this district to the Western District of Texas, Defendant moved to dismiss the instant case and contended that the first-to-file rule favored the infringement cases pending in the Western District of Texas. ECF No. 32.[2] After this Court denied Defendant's motion to dismiss, Defendant filed a petition for a writ of mandamus with the Federal Circuit and contended that this Court had abused its discretion in declining to apply the first-to-file rule in favor of the infringement cases pending in the Western District of Texas. ECF No. 63. The Federal Circuit then denied Defendant's petition for a writ of mandamus and concluded that this Court did not clearly abuse its discretion in declining to apply the first-to-file rule. *In re VoIP-Pal.Com, Inc.*, 845 F. App'x at 941. The Federal Circuit held that "the conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularity well supported" because the patents in the current cases and prior cases all shared a common specification, title, parent application, and inventors; the current cases and prior cases involved similar technology and accused products; and the Court had previously written a total of 113 pages on the validity of the patents. *Id.* at 942.

After the Federal Circuit denied Defendant's petition for a writ of mandamus, this Court set a March 24, 2021 deadline for Defendant to serve asserted claims and infringement contentions. ECF No. 69. Rather than complying with that deadline, Defendant filed a motion to dismiss which included a covenant not to sue (hereinafter "the Motion to Dismiss Covenant Not to

---

[2] In Twitter's lawsuit for a declaration of non-infringement and invalidity of the '872 patent, Twitter alleges that, on December 2, 2020, Defendant offered to pay Twitter $250,000 for Twitter to dismiss Twitter's lawsuit for a declaration of non-infringement and invalidity of the '606 patent, which is pending before this Court. *See* Case No. 21-CV-02769-LHK, ECF No. 1 ¶ 44.

15
Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

1   Sue"). Mot. at 3. The Motion to Dismiss Covenant Not to Sue is attorney argument and is signed

2   by Defendant's counsel. Defendant voluntarily dismissed its action in the Western District of

3   Texas without prejudice to refiling in the future in a likely attempt to moot the controversy in the

4   instant case. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 49.

5         In Defendant's reply, Defendant changed the text of the covenant not to sue so that it

6   explicitly covered past products (hereinafter "Reply Brief Covenant Not to Sue"). Reply at 1. The

7   Reply Brief Covenant Not to Sue is attorney argument and is signed by Defendant's counsel.

8         On June 25, 2021, three months after Defendant's Motion to Dismiss Covenant Not to Sue

9   and one month after Defendant's Reply Brief Covenant Not to Sue, Defendant filed another

10  lawsuit against Apple in the Waco Division of the Western District of Texas. *See VoIP-Pal.Com,*

11  *Inc. v. Apple Inc.*, Case No. 21-CV-00670-ADA, ECF No. 1 (W.D. Tex. June 25, 2021).

12  Defendant's new lawsuit involves patents with similar technology and the same accused Apple

13  products. Defendant's history of litigation against Apple and the litigation circumstances under

14  which Defendant granted the Motion to Dismiss Covenant Not to Sue and the Reply Brief

15  Covenant Not to Sue thus suggest that, rather than not wanting to litigate against Apple, Defendant

16  merely does not want to litigate against Apple in this district.

17        As further evidence that Defendant does not want to litigate the '606 patent in this Court,

18  Defendant has represented to the Western District of Texas that Defendant's aim in filing a motion

19  to dismiss with a covenant not to sue is to resolve the declaratory judgment actions pending in this

20  district so that Defendant can litigate the '606 patent in its preferred forum, the Western District of

21  Texas. On March 24, 2021, Defendant filed a notice of related cases in its 2020 cases against

22  Amazon, Facebook, and Google, which informed the Western District of Texas of the instant

23  motion to dismiss and stated the following: "VoIP-Pal believes that the [instant motion to dismiss]

24  resolve[s] or will soon resolve all pending actions involving the '606 patent between VoIP-Pal and

25  Apple, AT&T, and Verizon, who are the only parties in the above-identified cases that (1) have

26  co-pending declaratory judgment actions in the Northern District of California and (2) are

27  asserting first-filed status based on those actions. Additionally, because VoIP-Pal's covenant not

to sue in the Twitter case resolves or will soon resolve that action, there will soon be no pending cases in the Northern District of California involving the '606 patent. As such, VoIP-Pal's WDTX cases against Amazon, Google, and Facebook will soon be the only pending cases in any court involving the '606 patent." *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 49.

Amazon, Facebook, and Google's motions for transfer to the Northern District of California, which were filed in the Western District of Texas in July 2020, remain pending and stayed. *See VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 26; *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269- ADA, ECF No. 18; *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc.*, Case No. 20-CV-00272-ADA, ECF No. 26. Moreover, Defendant's 2020 cases against Amazon, Facebook, and Google remain pending in the Western District of Texas and have been stayed since September 29, 2020. *See VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 38.

Based on Defendant's history of litigation against Apple and the litigation circumstances under which Defendant granted the Motion to Dismiss Covenant Not to Sue and the Reply Brief Covenant Not to Sue, the Court retains subject matter jurisdiction in the instant case. Indeed, the Federal Circuit has found declaratory judgment jurisdiction in similar circumstances despite the existence of a covenant not to sue. *See Revolution Eyewear, Inc.*, 556 F.3d at 1299 (concluding that the court retained subject matter jurisdiction despite a covenant not to sue because "[t]hese parties are already in infringement litigation initiated by the patentee, the case has been pending since 2003, and already has produced a summary judgment of invalidity . . .. the patentee filed its covenant in 2007, after four years of litigation, on the eve of trial of the question of enforceability"); *see also SanDisk Corp.*, 480 F.3d at 1382–83 ("We decline to hold that [ST's representative's] statement that ST would not sue SanDisk eliminates the justiciable controversy created by ST's actions, because ST has engaged in a course of conduct that shows a preparedness and willingness to enforce its patent rights despite [ST's representative's] statement").

Furthermore, examining the text of the Reply Brief Covenant Not to Sue, the parties

17
Case No. 20-CV-02460-LHK
ORDER DENYING MOTION TO DISMISS

remain adverse because at a minimum the Reply Brief Covenant Not to Sue does not include Apple's customers. *See* Reply at 1. The omission of Apple's customers is particularly significant because Defendant asserted in Defendant's 2020 lawsuit in the Waco Division of the Western District of Texas that Apple's customers infringed the '606 patent. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 1 ¶ 51 (asserting that "Apple customers and other third parties have directly infringed the '606 patent, including at least exemplary claims 8 and 15"). Accordingly, the Reply Brief Covenant Not to Sue does not divest the Court of subject matter jurisdiction over the instant case. *See ArchelorMittal*, 856 F.3d at 1370 (concluding that subject matter jurisdiction existed because "[a]t no time before the court entered summary judgment did ArchelorMittal unconditionally assure Defendants and their customers that it would never assert [the asserted patent's] claims 24 and 25 against them"); *Sandisk Corp. v. Mobile Media Ideas LLC*, 2011 WL 1990662, at *3 (N.D. Cal. May 23, 2011) ("Until MMI expressly covenants not to sue SanDisk's customers for infringement of any of the patents-in-suit based upon past or current versions of SanDisk's media player products, this case will not be dismissed."); *see generally Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1378 (Fed. Cir. 2011) (stating that, "where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if (a) the supplier is obligated to indemnify its customers from infringement liability, or (b) there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers").

      In sum, considering all the circumstances, neither Defendant's Motion to Dismiss Covenant Not to Sue nor Defendant's Reply Brief Covenant Not to Sue divest this Court of subject matter jurisdiction. Defendant has a significant history of litigation against Apple, including four infringement lawsuits, the last of which was filed one month after the Reply Brief Covenant Not to Sue and three months after the Motion to Dismiss Covenant Not to Sue. Defendant did not grant the Motion to Dismiss Covenant Not to Sue until five years into its

litigation against Apple, on the same day that Defendant was required to serve asserted claims and infringement contentions and in an apparent attempt to avoid a ruling from this Court on the '606 patent. Since Defendant issued the Motion to Dismiss Covenant Not to Sue and the Reply Brief Covenant Not to Sue, Defendant has sued Apple for infringement of patents with similar technology based on the same accused products in Waco, Texas. Moreover, neither the Motion to Dismiss Covenant Not to Sue nor the Reply Brief Covenant Not to Sue includes Apple's customers, whom Defendant accused of infringing the '606 patent in Defendant's infringement lawsuit in Waco, Texas. Under all these circumstances, Defendant has not met its "formidable burden of showing that it could not reasonably be expected to resume its enforcement activities against the covenanted, accused infringer." *ArcelorMittal*, 856 F.3d at 1370. Accordingly, the Court DENIES Defendant's motion to dismiss on the grounds that the Court lacks subject matter jurisdiction over the instant case.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: August 26, 2021

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge